# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1883.

---

[No. 1122.]

## D. W. O'CONNOR, Respondent, v. NORTH TRUCKEE DITCH COMPANY, Appellant.

CORPORATION—CONTRACT CREATED BY ARTICLES OF INCORPORATION—DAMAGES.—Corporation formed for maintaining water ditch, keeping it in repair and controlling and dividing the water between the several stockholders: *Held*, that the corporation was bound to perform the duties prescribed in the certificate of incorporation and trust deed, and that for any neglect or failure to properly discharge its duty in this respect, it would be liable to any stockholder who is injured thereby to the extent of the damages suffered by him.

IDEM—DAMAGES CAUSED BY OTHER STOCKHOLDERS.—So•held where the injury to a stockholder was occasioned by other stockholders above his land diverting more water than they were entitled to under the terms of the incorporation certificate and trust deed.

IDEM—CUSTOM OF CORPORATION—WHEN NOT BINDING ON STOCKHOLDER.—*Held*, that the corporation could not relieve itself from responsibility by pursuing a practice at variance with its agreement, as created by the articles of incorporation and trust deed, without the consent of all the stockholders, and that any stockholder not assenting thereto would not be bound by any custom which the officers of the corporation might adopt in contravention of its agreement to protect the rights of the several stockholders.

IDEM—INSTRUCTIONS.—The instructions in relation to the effect to be given to the articles of incorporation and the trust deed, as given by the court, held

---

---

to 'be correct; others, not given, held to be erroneous, or clothed in such language as to mislead the jury.

Idem—Contributory Negligence.—The court instructed the jury that: "In order that negligence, on the part of the plaintiff, may defeat his recovery, such negligence must be a proximate cause of his damage and contribute thereto. If his negligence is remote, and without it he still would have suffered the damage, then it is not contributory in the sense of the law:" *Held*, correct.

Appeal from the District Court of the Second Judicial District, Washoe County:

The court gave, at the instance of the plaintiff, the following instructions (referred to in the opinion):

2. The rights of the shareholder in a corporation, under the articles of incorporation and the trust deed, never depended, and do not now depend, upon their respective necessities for the water, but each and every of said shareholders always were and now are absolutely entitled to the number of inches of water represented by their stock, at the rate of one inch to each share. If such stock represented and entitled the shareholder to more water than his needs for irrigation or other useful purposes demanded, nevertheless such shareholder was and is entitled to the said surplus, to be disposed of by sale, or lease, or otherwise, at his option.

3. You are instructed that the law or custom regulating or controlling the rights to the use of water, based upon a prior appropriation of the same and the necessities of the appropriator, have no application to the case in hand, as applied to the relations existing between the defendant corporation and its several shareholders.

4. You are instructed that if you believe from the evidence that the plaintiff was one of the original incorporators of the defendant, and, as such, conveyed to the defendant his interest in the ditch in controversy, in trust for the purpose of keeping the same in repair, enlarging and maintaining the same, and conducting the water of Truckee river through the same to such points on said ditch, where the same could be taken by the stockholders to their respective land and farms, in proportion as they are entitled to the same; that it was the duty and agreement of the defendant to so maintain its ditch, and to control the water conducted through the same, so that

all the stockholders of the defendant should receive water in accordance with their respective rights, and in the event of any failure or neglect on the part of defendant to do, it makes no difference whether such failure or neglect is caused by other and outside parties and strangers, the corporation defendant is still liable to the shareholder injured in damages, if any have been suffered.

5. It is the province of the court to give construction and effect to the articles of incorporation and the trust-deed admitted in evidence. As to them, I instruct you that they constitute a contract on the part of the corporation defendant with each shareholder, by which the defendant absolutely undertakes and agrees to convey the water of the river, at the rate of one inch thereof to each share of stock, to such points on its ditch as would enable each stockholder to take and receive his proportion of such water, and to convey the same to his lands; and if the defendant fails to so conduct and control such waters as aforesaid, and any shareholder is injured thereby, and has not contributed to his own injury, the defendant is liable to him in damages for such injuries as he may have actually sustained.

6. In this case, if you believe the plaintiff, in the years 1876 and 1877, or in either of them, did not get the quantity of water to which he was entitled—that is to say, the number of inches of water represented by the number of shares he then held of the corporate stock through the North Truckee Ditch, and that by reason of his failure so to get the water, or a sufficient portion thereof to properly irrigate his land, he suffered loss in the failure of his crops, or any of them, or in loss of trees, shrubbery or general depreciation of the value of his pasture, and if you believe the plaintiff did not approximately contribute to such loss, he is entitled to recover from defendant the amount of his loss actually sustained.

10. If you believe, from the evidence, that the ditches known as the North Connor Ditch and the Fogarty Ditch were sufficient in capacity and of proper grade to carry to plaintiff's lands water sufficient to irrigate the same, and that they did so conduct the water when it was in defendant's ditch to be conducted, then you are instructed that, so far as the pro-

viding of the means for the taking of the water from the defendant's ditch is concerned, plaintiff has performed his whole duty in the premises, provided plaintiff was entitled to sufficient water to irrigate his said lands.

11. (See syllabus.   Contributory negligence.)

14. It was the duty of the defendant to conduct the water to the end of the ditch, so plaintiff could take it out.   It was also the duty of the defendant to so control the water that each shareholder should take his proper proportion, and no more.   Therefore, if, by any failure of the defendant in any of such duties, the plaintiff was prevented from taking his proportionate share of the water, and was consequently actually damaged by loss of crops, etc., as alleged, he is entitled to recover the amount of such damage, unless his own neglect or act approximately contributed to his own damage.

15. The allegation in plaintiff's complaint that the defendant did control and divide the water among the other stockholders is, so far as plaintiff's right of action is concerned, an immaterial averment, and plaintiff's failure (if such is the case) to prove such control and division, will not prevent him from recovering, if otherwise he is entitled to recover.

The defendant offered and asked to have given to the jury the following instructions, which were refused :

1. The jury are instructed that if they find from the evidence that during the years A. D. 1876, 1877, it was the understanding, custom and practice of the corporation, and of all the stockholders of the defendant corporation, that the defendant should maintain the North Truckee Ditch, from its head to its lower terminus, regulate the flow of water into the main ditch by means of waste-gates, and of the stockholders to construct, maintain and regulate the boxes and ditches by and through which they severally took water out of the main ditch and the flow of water therein.   And if you further find from the evidence that in pursuance of said undertaking, custom and practice (taking into account and consideration the purposes of the ditch and the necessities of the stockholders, both in respect of the proper irrigation and the proper harvesting of their crops of hay, grain and vegetables) the corporation defendant did properly and with reasonable care

and diligence maintain and keep in repair the said North Truckee Ditch, and did properly and with reasonable care turn the water into the same at the head thereof, and did properly and with reasonable care, under all circumstances, manage and regulate the flow of the water in said main ditch by means of its tail or waste-gates, then you must find for defendant as to all damages claimed for the year A. D. 1876 and A. D. 1877, or either of said years. (Custom and practice together, without an express understanding, will not suffice, and there is no pretense on the part of the defendant and plaintiff, or either of them, of such an understanding, and the instruction is refused as inapplicable.)

2. The jury are instructed that if they should find from the evidence that it was the duty of the defendant to distribute and divide the water of the North Truckee Ditch among the stockholders, according to their respective shares, and that the company did not so divide and distribute it, and that any person not the defendant or its agent, and not acting by the authority or permission of the defendant, or with its knowledge or sanction, wrongfully and unlawfully made cuts in the banks of said ditch, and by reason of said dams, obstructions and cuts so put in and made, prevented the water from reaching plaintiff, and that defendant, in the reasonable management of its ditch and discharge of its duties, could not foresee or prevent such wrongful acts, then the jury must find for the defendant as to all injury and damage occasioned by such wrongful and unlawful acts.

3. The jury are instructed that if they find from the evidence that in the years A. D. 1878 and 1879 the plaintiff was the owner of seventy shares of the stock of the North Truckee Ditch Company (the defendant), representing seventy inches, miners' measurement, of the water of said ditch, and that in and during the irrigating season of said years A. D. 1878 and 1879 he permitted one William Perkins to use twenty inches of the water represented by twenty shares of said seventy shares of stock, then the jury must find for the defendant as to all damages claimed in and for the years A. D. 1878 and 1879.

4. The jury are instructed that a corporation, defendant in an action for damages for the wrongful or careless management of its ditch, is liable only for such acts or omissions as amount to culpable negligence. Its duties and liabilities are no greater and no less than those of a natural person in like conditions and circumstances.

The court gave to the jury, of its own motion, the following instructions, to-wit:

You are instructed that under the articles of incorporation and the trust-deed offered and admitted in evidence, the defendant contracted to, and was and is in duty bound to place in its ditch, and lead through the same to such points as the same could be reasonably taken by its shareholders, in such proportions as they were entitled to the same, sufficient water of the Truckee river to furnish each stockholder one inch of water to each share, and to have the same there so that it might, by means of proper ditches and conduits, be taken by such shareholders severally.

You are instructed that before you can hold the plaintiff guilty of contributory negligence that you must find the same from the evidence, and cannot assume the same against the plaintiff.

No custom of the defendant company, or its shareholders (other than plaintiff) can control the rights of the plaintiff in this case, unless assented to by plaintiff.

Instructions given for defendant :

"A." The jury are instructed that if they believe from the evidence that in and during the years A. D. 1878 and A. D. 1879, the plaintiff was the owner of seventy (70) shares of the stock of the North Truckee Ditch Company, the defendant, and was entitled thereby to have and use for the irrigation of his land seventy inches or more, miners' measurement, of the waters of the said North Truckee Ditch, and that in and during the irrigating season of said years A. D. 1878 and 1879, the plaintiff permitted one William Perkins to take, have and use twenty inches or thereabouts, miners' measurement, of the waters of said ditch represented by the said seventy (70) shares of stock; and if the jury further find

from the evidence that seventy inches of water, miners' measure, or any quantity of water in excess of fifty inches, miners' measurement, was necessary to properly irrigate the plaintiff's said land and crops, then the jury must find for the defendant as to all damages claimed in and for the years A. D. 1878 and 1879.

"B." The jury are instructed that if they believe from the evidence that plaintiff's alleged injury and damage were not caused by any carelessness or negligence of the defendant or its agents, or failure to perform its contract, if any, but were caused by the wrongful acts of other persons, not sanctioned or authorized or permitted by the defendant; and if the jury believe from the evidence that the wrongful acts of other persons, which acts were not known to or authorized by or sanctioned by the defendant, and not the acts or omissions of the defendant, produced or caused the injury and damage, if any, complained of, then the jury must find for the defendant.

"C." The jury are instructed that if they believe from the evidence that at the time of the organization of the North Truckee Ditch Company, and at the time of the incorporation of the North Truckee Ditch Company (the defendant), the plaintiff owned eighty shares, representing eighty inches of the water of said ditch, and that he then owned the land which he now owns, and that it required all of said shares and the water and all of the water represented by said shares in the years A. D. 1876 and A. D. 1877 to properly irrigate the said land of plaintiff, and that in and during the years A. D. 1876 and A. D. 1877 the plaintiff parted with ten shares, part of said eighty shares, and permitted William Perkins to have, use and enjoy the use of ten shares of said eighty shares of stock, thereby diminishing the water flowing in said ditch, and which would otherwise flow to plaintiff's said land, then as to all damages claimed for the years A. D. 1876 and A. D. 1877, the jury must find for the defendant.

"D." The jury are instructed that if they find, from the evidence, that the plaintiff did any act, or omitted to do any proper and reasonable act, the doing of which, or the omission to do which, directly caused or produced, either in whole or part, the injury and damage, if any, of which he complains,

the consequences of which act or omission of the plaintiff the defendant could not have reasonably avoided, then as to all such injury and damage the jury must find for the defendant.

*R. M. Clarke*, for Appellant:

I. The court below erred in denying appellant's motion for judgment of non-suit.

1. Because there was a fatal and incurable variance between the allegations and proofs.

2. Because respondent contributed to his own injury and damage.

3. Because the proofs show that it was no fault of appellant that water did not reach the head of respondent's ditch, but was the fault and result of the unlawful and wrongful act of other parties to this suit.

The case proved is a total departure from the case pleaded. (Pleadings and evidence reviewed.) The action is to recover damages for breach of contract. The proofs show neither a contract nor a breach, and at most show an injury caused by the unlawful act of another, over which appellant had no control; for which it was not responsible; to prevent which it had no power; of the commission of which it had no knowledge, and which injury is in no manner pleaded in the complaint. It is as necessary under our system of practice to maintain the distinction between actions arising out of torts and those growing out of contracts as it was under the old system. (*Knickerbocker* v. *Hall*, 3 Nev. 194; *Carson River L. Co.* v. *Bassett*, 2 Nev. 249.)

II. Respondent contributed to his own injury by letting the use of thirty (30) shares of his stock and obstructing the flow of the water, and, having so contributed, cannot recover for the damages sustained. (Field on Damages, secs. 167, 168, 169; *Barnes* v. *Sabron*, 10 Nev. 217.)

III. The proofs show, without the slightest conflict, that the duty of appellant was to keep the ditch in repair, clean it out in the spring, and turn the water in at the head, and that it was the universal custom and habit of the stockholders to take the water out of the company's ditch by means of private boxes; that appellant strictly performed its duty, and that

that part of respondent's injury which he did not produce himself was caused by dams and cuts made in the ditch by persons other than appellant, over whom it had no control. The judgment should be reversed, because upon this evidence the verdict should have been for appellant. The act which caused the injury was a trespass committed not by but against the appellant; committed without its knowledge or authorization; committed not by its agent or servant, but by a stranger —a trespass which appellant could not prevent or foresee. If appellant exercised reasonable and proper care, and could not foresee or prevent the unlawful act which caused the injury, then it was not guilty of any negligence, for negligence does not exist where proper care has been used. Negligence signifies the want of care, caution, attention, diligence or discretion. (Sher. & Red. on Neg., secs. 2, 5, 6, 60.) To render appellant liable for the injury which resulted from dams and cuts made in its ditch, and which prevented the water flowing to respondent, it must appear that the dams and cuts were made by appellant's agent or servant. (*Stevens* v. *Squires*, 6 N. Y. 435; *Blackwell* v. *Wiswall*, 24 Barb. 355; *Felton* v. *Deall*, 22 Vt. 171; *Du Pratt* v. *Lick*, 38 Cal. 691; *City of Buffalo* v. *Holloway*, 3 Sel. 493; *Sproule* v. *Hemminway*, 14 Pick. 1; *Milligan* v. *Wedge*, 12 Adol. & Ell. 737; *Boswell* v. *Laird*, 8 Cal. 469.)

IV. The court erred in its charge to the jury in giving instructions asked for by respondent; in denying instructions asked for by appellant, and in the instructions which it gave of its own motion. It is not true in any legal sense that the articles of incorporation and trust-deed constitute a contract between the corporation and its members. The certificate of incorporation creates the corporation and defines its powers and objects, and the deed of trust vests the legal title to the property in the corporation for the benefit of the members. And whilst each shareholder is entitled, by reason of his membership, to all the rights of such, it is not upon the principle of contract at all. The corporation holds the property for the benefit of the shareholders, and the trustees are the officers of the corporation and agents of the shareholders, to manage the property and execute the corporate will. The

right of the shareholder is to have the trust executed in good faith, and to participate in the benefits. These rights do not belong to the member by reason of any contract, but by reason of his membership. If respondent was entitled to have water, it was because he was a stockholder, and as such entitled, and not because of any agreement between himself and the corporation that the corporation should deliver him water to irrigate his land. Considering respondent's instructions the court said to the jury that the certificate of incorporation and trust-deed constitute an agreement between appellant and respondent, by the terms of which appellant was obligated to deliver to respondent water sufficient to irrigate his land, and if appellant did not deliver the water, although it did all it could in that behalf, and would have done so but for the wrongful and unlawful act of a stranger, it is responsible in damages, thus holding that a corporation is liable in an action at law by a stockholder for the unlawful trespass of a stranger to the corporate property, which unlawful trespass caused direct injury to the corporation and an indirect injury to the stockholder. This is not the law. (Ang. & Ames on Corp., secs. 388, 390; *Underwood* v. *Newport Lyceum*, 5 B. Mon. 129; *Van Brundt* v. *Schenck*, 13 John. 414; *Ill. Cent. R. R. Co.* v. *Downey*, 18 Ill. 259; Sher. & Red. on Neg., secs. 60, 64.)

V. The corporation is not responsible for the acts of third persons, especially in an action brought by one of its members. (Field on Damages, sec. 664; *Cuff* v. *Newark R. R. Co.*, 35 N. J. Law 17; Whart. on Neg., sec. 134.)

*C. S. Varian*, for Respondent:

I. It is to the certificate of incorporation and trust-deed that we are to look for the obligations and responsibilities devolving upon appellant. Certainly no *custom*, unassented to by respondent, could change or relieve against any obligations imposed in the constating instruments, for proof of *custom* here simply shows a failure to perform an obligation. It is this very failure to perform upon which this action is founded, yet appellant defends upon the ground that it was not its *custom* to do what it expressly agreed to do. The evi-

dence shows that respondents not only did not assert, but made complaints every year to the trustees and stockholders at their meetings.     (Folio 146, *et seq.*)

II. These instruments created a contract between the stockholder and the corporation.     (*Newell* v. *Hill*, 2 Met. 181; *Goodwin* v. *Gilbert*, 9 Mass. 510; *Nugent* v. *Riley*, 1 Met. 117; *Maule* v. *Weaver*, 7 Penn. St. 329; *Clapham* v. *Mogle*, 1 Sev. 155; Shepherd's Touchstone, 52, 122; *Huff* v. *Nickerson*, 27 Me. 106; *Finley* v. *Simpson*, 2 Zab. 311, 332; 3 Wash. Real Prop. 622.)     It is perfectly clear that in the case in hand there is a stipulation and agreement, as distinguished from a condition, in the deed, upon the breach of which an action lies.     (2 Par. on Cont., 526–7.)

By the Court, Hawley, C. J.:

In 1864 several persons, including plaintiff, organized an association for the purpose of constructing a ditch to convey water from the Truckee river to irrigate their farms along the line of the ditch.     All the members assisted in the construction of the ditch at the head.     When the ditch was completed to the land of the member nearest the head, he ceased work and had nothing to do with the labor or expense of constructing the ditch below his land.     Similar action was taken by each of the members owning the land below.     This association regulated the flow of water in the main ditch at the head, and the individual members took the water out of the main ditch through private boxes and ditches, and regulated the flow of the water into and through their private ditches. The plaintiff's land was below the land of all the others.     In 1874 the members of this association formed an incorporation under the corporate name of '' North Truckee Ditch Company.''     The object of this corporation, as stated in the certificate, was '' to own, keep in repair, enlarge, when necessary or expedient, the North Truckee Ditch, leading the waters of Truckee river from its head to our several farms and lands in Truckee Meadows,   * . *   *   and to control and divide the use of said water for the benefit of the several stockholders in said corporation, in accordance with their interests in the stock of said corporation.''     The several mem-

bers conveyed their interest in the property, the considera-
tion of the deed being the issuance of stock by the corpora-
tion in accordance with the interests held by the respective
parties.   It was provided in the deed that the individuals exe-
cuting it "shall severally be .entitled to use, for irrigation,
farming purposes and all other lawful uses, a proportion of
the water conveyed in said main ditch equal to the proportion
his, or their, number of shares bears to the whole number of
shares of the stock of the second party," and " that, in case
of the enlargement of said ditch, at any time, the increased
amount of water conveyed shall inure to the common and
equal benefit of all of the first parties,   *   *   *   in the pro-
portion above designated."   The corporation issued its stock,
one share for each inch of water that the members were enti-
tled to in proportion to the number of acres of land which
each shareholder owned.

The ditch was thereafter, from time to time, enlarged, and
in 1878 and 1879 was of sufficient capacity to carry water
enough to supply the wants of all the stockholders.

This action was instituted by the plaintiff, who is the owner
of seventy shares of stock, to recover damages alleged to have
occurred during the years 1876, 1877, 1878 and 1879, and to
have been occasioned by the failure of the corporation to prop-
erly control and divide the waters flowing in its ditch, thereby
depriving him of the water to which he was entitled.

The amount of damages for each year was separately alleged.
He recovered judgment generally for the sum of one thousand
one hundred and sixty-one dollars and costs.   The defendant
appeals.

The testimony, relating to the alleged negligence of the
corporation, as offered upon the part of the respondent, showed
that some of the stockholders, above his land, had placed dams
in the ditch, and diverted more water than they were entitled
to, and that but for such acts he would not have been damaged.
. Upon this state of facts appellant claims that there was a
fatal variance between the case alleged in the complaint and
that made out by the evidence; that the injuries complained
of were occasioned by the wrongful acts of other stockhold-
ers, and that the corporation was not guilty of any negligence

upon its part, and hence, respondent could not recover any damages against the corporation.

This argument is based upon the theory that there was no contract between the stockholders and the corporation, and that the corporation could not be held liable for the wrongful acts of the individual stockholders in appropriating to their own use more water than they were entitled to.

Appellant also relies upon the fact, established by the evidence, that it was the uniform custom for each stockholder to construct, maintain and keep in repair the boxes through which he diverted water from the main ditch; that the corporation did not construct, manage or in any way interfere with these boxes, and that it was its custom not to control or divide the water between the stockholders. The respondent never assented to this custom upon the part of the corporation; but, on the contrary, at all meetings of the stockholders and trustees which he attended, and at other times and places, complained that he did not get the amount of water which, as a stockholder, he was entitled to.

The questions which must control this case are to be determined by an interpretation of the agreement, if any, existing between the stockholders and the corporation as presented by the terms of the certificate of incorporation and the conditions expressed in the trust-deed.

Corporations are usually formed for the transaction of certain business which it is thought cannot be as well carried on and conducted by individual efforts, and the powers and privileges which are given to the corporation generally express, in clear terms, the ends to be attained, and when such powers are conferred, as in the present case, for the attainment of certain defined objects, they must be strictly employed with reference to such objects.

In Greene's Brices *Ultra Vires* it is said that when the engagements of the promoters have been embodied in the constating instruments of the corporation: " It is these instruments which primarily determine, due regard being had to the rules of common law and equity, the capacity and the responsibilities of the corporation; consequently, speaking generally,

whatever powers and rights they give to the corporation it can enforce, and whatever obligations they throw upon it can be enforced against it." (482.)

The stated objects of the corporation, as expressed in the certificate and the stipulations in the deed, clearly define the duties imposed upon the corporation. By the terms and conditions thereof the corporation is bound to keep the main ditch supplied with water, and to regulate and divide its use among the several stockholders in accordance with their respective interests, and it must necessarily follow that for any neglect or failure to properly discharge its duty in this respect, it would be liable to the stockholder who is injured thereby to the extent of the damages suffered by him.

Recognizing this to be its duty the trustees of the corporation, in the month of January, 1878, unanimously "Resolved, that the trustees have gauges prepared for outlet of proper quantities of water to each stockholder, and that the trustees employ a man during the irrigating season to superintend and regulate the use of water; that every stockholder be credited each season at a value per share, to be regulated by the trustees, according to the amount owned by said stockholder, and * * * that trustees be empowered and instructed to embody the sense of this resolution in action, and use all possible means to prevent any stockholder from using more water than he owns, without paying for it."

The corporation could not, in opposition to the articles of incorporation, the trust-deed and this resolution, relieve itself from responsibility by pursuing a practice at variance therewith without the consent of all the stockholders, and any stockholder not assenting thereto would not be bound by any custom which the officers of the corporation might adopt in contravention of its agreement to protect the rights of the several stockholders.

The instructions given by the court with reference to the effect to be given to the articles of incorporation and the trust-deed correctly announced the principles which must, in our opinion, govern this case, and the instructions asked by appellant, which declared a different doctrine, were properly refused. These instructions were either erroneous or clothed in such

language as to mislead the jury upon the controlling questions
of the case.    In either view the action of the court in refus-
ing them must be sustained.

With reference to the question as to whether the plaintiff
contributed to his own negligence, there is a substantial con-
flict in the evidence.    It is enough to say that the instructions
given upon this branch of the case fairly presented this ques-
tion to the jury, and that, in our opinion, the evidence is suffi-
cient to sustain the verdict.

The court did not err in refusing a non-suit, or in denying
appellant's motion for a new trial.

The judgment of the district court is affirmed.