KNOWLES, PLAINTIFF IN ERROR, v. THE CLEAR CREEK, PLATTE RIVER MILL & DITCH COMPANY, DEFENDANT IN ERROR.

1. WATER RIGHTS—CHANGE OF PLACE OF USE.
One who has acquired the right to divert the waters of a stream may change the point of diversion and place of use without losing his right of priority, where the rights of others are not injuriously affected.

2. SAME.
The right of the owner to change the place of water carried through the canal of a corporation cannot be impaired by a by-law of the company unless such by-law was authorized by its charter, or assented to by the stockholder whose right is affected thereby.

3. PRACTICE—PRESUMPTION.
In the absence of a bill of exceptions containing the evidence, it will be presumed that the proof was produced at the trial, which was admissible under the pleadings and necessary to sustain the judgment.

*Error to the District Court of Arapahoe County.*

APPLICATION for writ of mandamus.

Joesph C. Knowles brought this action to compel the defendant in error to furnish water to be used upon a certain tract of land during the irrigating season of 1888. An alternative writ of mandamus was issued, setting forth that he was the owner of the land described, and owner of one-half share of the stock of defendant company, which entitled him to seventy inches of water which he was entitled to use upon said land. Defendant, in its return thereto, admits that plaintiff is the owner of the land and the one-half share of stock, and entitled to that amount of water, but denies that he has the right to use it upon the land described in the alternative writ; admits "that petitioner holds and owns one-half share of the stock of the defendant, and under and by the terms of its by-laws and the understanding and agreement among the stockholders, all holders of stock have the right to have carried through its ditch water to the amount of

seventy inches to each one-half share of stock, to be used and appropriated upon one certain piece of land."

Alleges that Knowles is the owner of two ranches, the one described in the writ and known as the lower ranch; the other known as the upper ranch; that the water he is entitled to by virtue of the stock owned by him can be used only on the upper ranch.

Messrs. WELLS, McNEAL & TAYLOR and Mr. THOMAS MACON, for plaintiff in error.

Mr. FRED. L. SHAW, Mr. HUGH BUTLER and Mr. A. B. McKINLEY, for defendant in error.

Mr. JUSTICE GODDARD delivered the opinion of the court.

The evidence offered on the trial below is not preserved by bill of exceptions and made a part of the record, and therefore is not before us, and we can look only to the record proper, consisting of the pleadings and judgment, to determine the correctness of the judgment of the court below. The question presented thereby is as to the right of the plaintiff in error to have the water, or any portion of it, to which he is entitled by virtue of his ownership of stock, applied to land other than the upper ranch. It is well settled in this state that "One who has acquired the right to divert the waters of a stream may change the point of diversion and place of use without losing his right of priority, where the rights of others are not injuriously affected." *Fuller et al. v. Swan River Placer Mining Co.*, 12 Colo. 12.

That the plaintiff in error would have the right to use the water in question on the lower ranch, notwithstanding its long user only upon the upper ranch, unless such right is restricted by some valid by-law or agreement, we entertain no doubt; and that so valuable a right cannot be impaired, or restricted by a by-law having that effect, unless the same was duly authorized by the charter of the company, or assented to by the stockholder whose right is affected thereby.

Whether it was shown on the trial below that the by-law in question was authorized by the charter or assented to by plaintiff in error or his grantor, or that such an agreement was entered into by plaintiff's grantor, we have no means of knowing. But, such evidence being admissible under the pleadings and necessary to sustain the judgment of the court below, it is to be presumed that it was produced, and the judgment of the court below is accordingly affirmed.

*Writ denied.*