[L. A. No. 2311.  In Bank.—July 2, 1909.]

## J. J. MILLER, Petitioner, v. IMPERIAL WATER COMPANY NO. 8, Respondent.

MANDAMUS TO ENFORCE CORPORATE RIGHTS.—The writ of *mandamus* lies
to enforce the plain rights of stockholders or members of corporations, in the absence of any other adequate remedy.

ID.—MUTUAL WATER COMPANY—RIGHT TO USE OF WATER ON LAND—
ENFORCEMENT OF RIGHT BY STOCKHOLDER.—A stockholder in a
mutual water company, organized for the purpose of securing a
supply of water and distributing the same proportionately among
its stockholders for use upon lands owned by them within certain
defined boundaries, may maintain a proceeding in *mandamus* to
compel the corporation to furnish him with the water to which he
is entitled by reason of his membership in the corporation, for use
in irrigating lands owned by him within such boundaries, which he
had prepared for cultivation, and on which he had planted a crop
which was ready for irrigation, and which would soon die if not
irrigated.  In such a case, there is not a plain, speedy, and adequate
remedy in the ordinary course of law.

ID.—OWNER OF LAND—OCCUPANT OF UNSURVEYED PUBLIC LANDS.—A
stockholder in the corporation, who occupies unsurveyed public lands
of the United States within such defined boundaries, which he has
entered with intent to procure the government title, will be deemed
to be the owner of such lands, within the meaning and intent of
the purposes for which the corporation was organized, when the
*status* of all other lands within the district is the same.

APPLICATION for a Writ of Mandate.

The facts are stated in the opinion of the court.

Conkling & Brown, for Petitioner.

Eshleman & Swing, Haines & Haines, Stephens & Stephens,
and John M. Eshleman, for Respondent.

ANGELLOTTI, J.—This is an application for a writ of mandate originally made to the district court of appeal for the second district. That court sustained a demurrer to the petition and denied the writ upon the ground that the alleged right sought to be enforced rests wholly upon contract, and that *mandamus* will not lie to enforce contractual duties. The matter was ordered transferred to this court after decision by the district court of appeal.

As stated in the opinion of the district court of appeal:—

"The petition alleges that respondent is a corporation organized for the purpose of securing a supply of water for irrigation, domestic and other purposes from a named source, and to distribute the same at cost among its stockholders for use upon lands owned by them within certain defined boundaries. That in carrying out such purpose respondent acquired a perpetual right to a certain quantity of water sufficient to furnish four acre-feet of water per annum for each outstanding share of the capital stock of respondent, and by the same contract provided for the construction of canals and ditches through which to deliver said water for irrigation purposes to the lands of its stockholders throughout the territory described, and that such canals and ditches pass through the lands of petitioner. That since the completion of these canals and ditches the other stockholders of respondent have been accustomed to receive and do receive from it water for the irrigation of any and all lands occupied by them within the said territory.

"That petitioner occupies a tract of land situate . . . within the exterior boundaries described, the same being unsurveyed public lands belonging to the United States and which land petitioner has entered with intent to procure government title thereto (describing the land), has prepared the land for cultivation, planted a crop thereon, and the same is ready for irrigation and if not irrigated speedily the crop will perish and be lost. That he is the owner of 320 shares of stock of the respondent corporation which entitle him to water to irrigate 320 acres of land; has demanded said water, has offered to pay all proper charges therefor and is now ready and willing to pay the same, and that he is not receiving any water by reason of his ownership of said stock elsewhere, but that respondent refuses to deliver him any water. He asks

for a writ of mandate from this court commanding respondent to deliver water to him upon his lands so occupied for the same price and upon the same terms as it delivers water to its other stockholders."

We are of the opinion that the general rule that the writ of mandate will not be used for the enforcement of contract rights of a private or personal nature, and that obligations which rest wholly upon contract, and which involve no question of trust or official duty, cannot be enforced by *mandamus* (High's Extraordinary Legal Remedies, sec. 25), does not preclude the remedy upon the facts alleged. Assuming for the moment that plaintiff is the "owner" of the land upon which he desires water from defendant, within the meaning of that term as used in the articles of incorporation of defendant, we have the case of a member of a corporation who is improperly precluded by the corporation from participating in the only practical right resulting from such membership, that of having water available for the purpose furnished at cost upon his land, in proportion to the amount of stock held by him. He is seeking to enforce a plain right based entirely upon his membership in a mutual water company, deprivation of which right would practically exclude him for the time from all privileges of membership, in a case where, it must be held under the decisions, there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It is one of the well-recognized offices of the remedy by *mandamus* to enforce the plain rights of stockholders or members of corporations in the absence of any other adequate remedy (see High's Extraordinary Legal Remedies, sec. 276; Clark & Marshall on Private Corporations, sec. 265c; Purdy's Beach on Private Corporations, sec. 575). While a duty giving the right is often expressly imposed by statute on a corporation for the benefit of its members and stockholders, such rights are often in a sense based upon contract alone, where clearly they are not based on contract in the sense contemplated by the rule to which we have heretofore referred. For instance, nothing is more thoroughly established than the rule that *mandamus* will lie to restore to his corporate rights a member of a corporation who has been improperly disfranchised or irregularly removed from his connection with the corporation, and yet his right in this regard generally rests wholly on his contract of mem-

bership. The same rule appears to us to be applicable where the member is being excluded from participation in the benefits afforded by the corporation to its members, and there is no other adequate remedy. In the case at bar, the stockholder's right to have water furnished on his land is not based on any special contract entered into by him with the corporation, but is an inseparable adjunct of his membership, and it is a plain duty resting on the corporation in the exercise of its corporate functions to furnish him such water.

The main point made by defendant on the merits is that the petition does not show that plaintiff is the "owner" of the land upon which he desires water to be furnished, and that according to the petition, stockholders are entitled under the articles of incorporation only to water on lands "owned" by them. As we have seen, the petitioner alleges that "he occupies" the land, and that the same is "unsurveyed public land belonging to the United States," which he has entered with intent to procure government title thereto." According to the petition, the limitation as to lands in the articles of incorporation is in the statement of the purposes of the corporation, and is as follows: To obtain the water, "and to distribute the same at cost among its stockholders for use upon lands owned by them within the following exterior boundaries, namely" etc. The terms "owning," "owner," and "owned," depend somewhat for their signification upon the connection in which they are used. They are not technical, but general terms, and are therefore liberally construed, "the precise meaning depending upon the nature of the subject-matter and the connection in which" they are used. (See 28 Am. & Eng. Ency. of Law, p. 233; 6 Words and Phrases, pp. 5134 et seq.) We are of the opinion that upon the facts alleged, the plaintiff must be held to be the owner of the land for which he desires water, within the meaning and intent of the articles of incorporation. The absolute ownership thereof is, of course, in the United States, but the plaintiff is in the undisputed possession thereof, having settled upon the same with intent to procure a government title when it can be obtained, and he is deemed the owner and entitled to maintain his possession and use of the land as against all except the government, or some one hereafter deriving title from the government. (See *Page* v. *Fowler,* 37 Cal. 111; *Doran* v. *Central Pacific R. R. Co.,*

24 Cal. 257.) According to a statement in the brief of counsel for plaintiff, which is not disputed by counsel for defendant, the present *status* of all the land in the district described in the articles of incorporation is the same as of that occupied by plaintiff, viz.: unsurveyed government land as to which a survey has been ordered, and as to which no legal entry can as yet be made. The plain object of the limitation as to use was simply to confine the use of water to be furnished at cost to any stockholder, to land within the district devoted to his exclusive use. The whole purpose of the formation of the corporation was to provide a system by which all those possessing and occupying the land in the described district might obtain water with which to irrigate their respective holdings, equitably apportioning the expense thereof, and the word "owned" as used in the articles of incorporation means no more than the word "held" or the word "occupied" would have meant. Considering the nature and object of the defendant corporation, this appears to us to be clear.

In all other respects we are of the opinion that the petition makes out a sufficient case for *mandamus* as against the general demurrer. In the district court of appeal, the defendant asked leave to file an answer, but no ruling was made on such application in view of the conclusion on demurrer.

The demurrer to the petition for writ of mandate is overruled, with leave to defendant to answer within ten days after this decision becomes final.

Sloss, J., Shaw, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.