[No. 3611.]

## Mountain Supply Ditch Co. v. Lindekugel.

1. Practice—*Objection to Sufficiency of Complaint First Taken at Trial.* The practice of first objecting to the sufficiency of the complaint upon the trial condemned.

2. Pleading—*Aider by Pleading Over.* Matters omitted from the complaint may be supplied by the answer.

3. Irrigating Company—*Duty to Stockholders.* A corporation organized for the purpose of supplying water to its stockholders by means of reservoirs and ditches is charged by the law with the duties of reasonable care and diligence in procuring and storing the water, keeping its works in repair, and making ratable distribution of the water. When the land of a particular stockholder is so situated that it can be irrigated from certain reservoirs only, it is the duty of the corporation, if by reasonable care it is practicable, without prejudice to other stockholders, to retain in such reservoirs water sufficient to irrigate the lands of such stockholder; and if without excuse it fails in this duty, it is liable to the stockholder for any injury which may result.

The defendant owned three reservoirs. From only the upper two could plaintiff's lands be irrigated. Early in the season of irrigation, according to evidence given for the plaintiff, the water was drawn from the two upper reservoirs into the third, below plaintiff's land, and there remained stored through the entire season, while plaintiff's crops were perishing. Meanwhile, water was not distributed to the shareholders according to their respective holdings, but each received according to

his needs, and it appeared that those cultivating the lands of the president of the corporation had an abundance. Held, that under these circumstances plaintiff was not to be strictly limited to his ratable share, and that the jury were warranted in a verdict for plaintiff.

4. Appeals—*Harmless Error.* An improper instruction manifestly favorable to the defeated party is harmless.

*Appeal from Larimer District Court.*   Hon. James E. Garrigues, Judge.

Messrs. Rhodes & Temple, for appellant.

Mr. John J. Herring, for appellee.

King, J., delivered the opinion of the court.

From a verdict and judgment in favor of the plaintiff in the sum of $1,225, the defendant appealed.

The first question presented by the assignments of errors is that the complaint does not state a cause of action. No separate demurrer was filed, but the sufficiency of the complaint was challenged by a clause incorporated in the answer, and the attention of the court was first called to it after the jury had been empaneled and sworn to try the cause upon its merits. That practice has become customary in some sections of the state, but is not to be commended, either as to the manner of pleading or the delay in presenting the issue of law. It is a custom "more honored in the breach than in the observance." It is dilatory and savors of obstructive tactics rather than of an attempt to reach trial on the merits. The demurrer was overruled, and no objection on the ground of insufficiency of the complaint was made to the evidence offered. However faulty it may be, we think the complaint, as aided by the answer, which to some extent cured its defects, may be sustained. It is alleged in substance that defendant, appellant here, is a mutual ditch company organized as a corporation under the laws of Colorado for the purpose of furnishing water

to its stockholders for irrigation; that plaintiff was a stockholder of said corporation to the extent of 62½ shares, and was the owner of 240 acres of land requiring irrigation, lying under defendant's ditches and reservoirs, and having no other source of supply; that in the spring of 1907 plaintiff prepared and seeded to grain 178 acres of said land, and was entitled to and demanded water for its irrigation; that a small quantity was furnished in June, sufficient only to irrigate 40 acres once, and that thereafter defendant failed, refused and neglected to furnish plaintiff any water; that it purposely and voluntarily diverted all the water stored in certain reservoirs for the express purpose of irrigating plaintiff's land, and the only reservoirs from which his land could be irrigated, from those reservoirs into other reservoirs and to other lands, by reason of which plainitff's crops were destroyed or seriously injured. Defendant answered denying its wilful diversion of the water so stored, as alleged in the complaint, and alleged that it distributed the water in accordance with its regular custom, and to the best interests of all its stockholders, including the plaintiff whenever he was entitled thereto and it had any water for the use of its stockholders, thus putting in issue the very matter which defendant contends was necessary to be pleaded in the complaint in order to state a cause of action.

The defendant company, having been organized for the purpose of supplying water to its stockholders by means of a ditch and reservoir system, assumed and was charged by law with the duty of exercising reasonable care and diligence in procuring and storing the water, keeping its storage reservoirs in repair and condition to retain the same, and making ratable distribution thereof; and if plaintiff's land was so situated that it could be irrigated from certain reservoirs only, it was its duty, if practicable, by the exercise of reasonable care and dil-

igence, and without prejudice to the other stockholders, to retain a sufficient amount of water in such reservoirs to irrigate those lands.—*Rocky Ford, etc., Co. v. Simpson*, 5 Colo. App., 30, 33, 36 Pac., 638; *Knowles v. Clear Creek, etc., Co.*, 18 Colo., 209, 32 Pac., 179; *Miller v. Imperial Water Co.*, 156 Cal., 27, 103 Pac., 227, 24 L. R. A. (N. S.), 372. Its failure to perform this duty and the injury resulting to plaintiff therefrom is charged in the complaint. No reason is assigned why the defendant, in the exercise of that reasonable care and ordinary prudence with which it was charged, should run the stored water out of the upper reservoirs, whence it could be readily distributed to all parties entitled thereto, until it became apparent and reasonably certain that they could be refilled from the stream, or unless the condition of the reservoirs rendered it unsafe to retain the water therein. It is asserted by defendant that the reservoirs were refilled to about the extent of the depletion, but upon that point the evidence was conflicting.

It is contended that the evidence is insufficient to support the verdict. It was admitted that defendant is a mutual ditch company, but is claimed that the evidence fails to show either wilful or negligent failure of defendant to perform any of its duties, and particularly that it failed to deliver to the plaintiff his full share of the water in proportion to his stock. The evidence on plaintiff's part shows that early in May all the water was run from the two upper reservoirs, the only ones from which plaintiff could be supplied that year, into another situated below his land, and there held unused throughout the entire season while plaintiff's crops were burning up with drought. Defendant's evidence shows that the water was not being distributed in proportion to the stockholding, but to each stockholder what he might need while the water lasted; and it is further shown by one of its witnesses who farmed a large acreage that year

for the president of the company, that he had plenty of water. Under this evidence the plaintiff could not be limited to his strict *pro rata* share while water was being held unused. Whether the defendant exercised reasonable care and diligence for the protection of plaintiff's rights as a stockholder when it ran all the water from the upper storage to the lower, and whether in fact it did so divert it, wilfully or negligently, were matters for the jury, and its finding on competent, substantial, conflicting evidence is conclusive on this court, although we may believe from a reading of the record that the verdict might well have been otherwise. The verdict is not obviously excessive, and counsel have not pointed out wherein its excess, if any, may be discovered.

It is also contended that Instruction No. 5, given by the court, is erroneous. In that respect we agree with counsel, as there is no evidence on which to predicate the instruction; but it is manifestly favorable to the defendant, and not therefore prejudicial to it. Reversal may not be required unless appellant shows error, actually or presumptively prejudicial to it.—*Harrison v. Hodges et al.*, 49 Colo., 105, 111 Pac., 706.

The judgment is affirmed.