HYINK, RESPONDENT, *v.* LOW LINE IRRIGATION CO.,
APPELLANT.

(No. 4,662.)

(Submitted February 1, 1922.  Decided February 27, 1922.)

[205 Pac. 236.]

*Waters—Mutual Irrigation Companies—Failure to Deliver
Water—Damages—Right of Action in Stockholder or Lessee
of Stockholder — Demand — Waiver — Contracts — Privies
—Stockholders not Tenants in Common.*

Contracts—Right of Third Party to Sue—Privity.
　　1.  "Privity," as used with respect to contracts, leases, *etc.*, implies
a connection, mutuality of will, an interaction of parties, which they
must occupy toward each other to entitle one of them to sue another
in an action at law for breach thereof.

Mutual Irrigation Companies — Lessee of Stockholder in Privity — Company.
　　2.  *Held,* under the above rule, that where a stockholder in a mutual
irrigation company leased to one not a member the water he, the
stockholder, was entitled to receive, as he could do under the company's by-laws, the lessee was in privity with the company.

Same — Delivery of Water to Lessee — Written Demand for Water —
Waiver.
　　3.  Where, notwithstanding a provision in the by-laws of a mutual
irrigation company that water should not be delivered to any other
person than a stockholder except on written order to its superintendent to make delivery, it had furnished water to the lessee of one of
its stockholders on his verbal request for two seasons prior to the
one it refused to deliver it, it will be deemed to have waived the requirement for a written order.

Same—Failure to Deliver Water—Stockholder or Lessee may Sue Company.
　　4.  The relation existing between a stockholder in a mutual irrigation company (or his lessee) and the company is contractual in
nature, and for failure to properly discharge its duty to deliver to
one of its stockholders (or his lessee) the share of water to which
the amount of his stock entitles him, an action for damages may be
maintained.

Same—Stockholders not Tenants in Common.
　　5.  *Held,* that stockholders in a mutual irrigation company are not
tenants in common, and that therefore the contention that since
tenants in common cannot be charged with liability to a cotenant for
damages suffered by the latter through no fault of his, a stockholder
cannot recover against the company, has no merit.

───────────────

　　4.  On right of stockholder in mutual irrigation company to maintain action against the company for negligent failure to furnish water,
see note in L. R. A. 1915D, 292.

*Appeals from District Court, Gallatin County; Ben. B. Law, Judge.*

ACTION by B. Hyink against the Low Line Irrigation Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Mr. George Y. Patten,* for Appellant, submitted a brief and argued the cause orally.

There was no privity of contract between the plaintiff and defendant, and consequently the defendant owed no duty to the plaintiff, and the plaintiff could not, for that reason, maintain this action, or recover any damages suffered by him. (*Knowles* v. *Leggett,* 7 Colo. App. 265, 43 Pac. 154; *Barstow Irr. Co.* v. *Cleghon* (Tex. Civ. App.), 93 S. W. 1023; *First National Bank of Longmont* v. *Hastings,* 7 Colo. App. 129, 42 Pac. 691; *Oligarchy Ditch Co.* v. *Farm Inv. Co.,* 40 Colo. 291, 88 Pac. 443; *George* v. *Robison,* 23 Utah, 79, 63 Pac. 819; 40 Cyc. 833.) Can a stockholder in an incorporated mutual ditch company, in any event, maintain an action against the corporation for damages because of its failure to deliver water to him? This is a question of first impression in this state, and its determination must have far-reaching consequences in its effect upon the ownershp of stock in incorporated canal companies, which have no other purpose than to deliver water to their stockholders. The question may also be said to be comparatively new so far as other jurisdictions are concerned, and such decisions as have been rendered with reference to it cannot be said to establish a rule in respect to it, both because of the conflict in judicial opinion, and because the precise question has not so far been squarely met in any case which sustains the right of the stockholder to maintain the action.

There is, in fact, no substantial difference between the relationship of members of an unincorporated mutual ditch company and members or stockholders of an incorporated mutual ditch company. In either case the relationship is essentially

that of tenants in common. (40 Cyc. 826, 833; *Richey* v. *East Redlands Water Co.,* 141 Cal. 221, 74 Pac. 745; *Smith* v. *North Canyon Water Co.,* 16 Utah, 194, 52 Pac. 283; *Jenkins* v. *Owyhee Ditch Co.,* 78 Or. 277, 152 Pac. 1194.) It is elementary law that a tenant in common cannot be charged with liability to a cotenant for damages suffered by the latter through no fault of his. (38 Cyc. 84.)

It is therefore submitted that, in determining the question under consideration here, the only logical course to pursue, if well-established principles of law are to be adhered to, is to regard the stockholders as tenants in common, which is the true relationship which they sustain toward each other, and to deny to a stockholder an action for damages in a case of this kind.

*Mr. George D. Pease* and *Mr. I. W. Choate,* for Respondent, submitted a brief; *Mr. Choate* argued the cause orally.

A stockholder in an incorporated mutual ditch company may maintain an action against the corporation for damages because of its failure to deliver water to him. While this question is one of first instance in Montana, it is not a new one in other jurisdictions. The courts of Washington, Nevada and Colorado have all passed upon the precise question and decided it in the affirmative. (*Berg* v. *Yakima Valley Canal Co.,* 83 Wash. 451, L. R. A. 1915D, 292, 145 Pac. 619; *O'Connor* v. *North Truckee Ditch Co.,* 17 Nev. 245, 30 Pac. 882; *Rocky Ford Canal R. L. L. & T. Co.* v. *Simpson,* 5 Colo. App. 30, 36 Pac. 638; *Mountain Supply Ditch Co.* v. *Lindekugel,* 24 Colo. App. 100, 131 Pac. 789.)

MR. COMMISSIONER AYERS prepared the opinion for the court.

In May, 1917, the H. S. Buell Land Company, a corporation, leased to the plaintiff until March 1, 1918, a section of land in Gallatin county and 400 shares of water for the irrigation thereof, the same to be furnished by the defendant corporation

from its canal, subject, however, to the rules and regulations under which water is furnished therefrom. The right to the use of water owned by the defendant and furnished through its canals were represented by shares of the capital stock of the defendant corporation, and the Buell Company owned 400 shares of said stock. The right of a stockholder to lease his shares of stock to third persons is provided by the by-laws of the defendant company.

The plaintiff prosecuted this action to recover damages from the defendant for its negligent failure to furnish him the water leased from the Buell Company, which failure he alleges caused damage to his crops in the sum of $4,704. The issues were made and submitted to a jury, which returned a $3,000 verdict for the plaintiff; the court entered judgment on it, and overruled defendant's motion for a new trial. This appeal is from that order and judgment.

The error specified has to do with two general propositions, which we shall dispose of in the order assigned: First, that there was no privity of contract between plaintiff as lessee of the Buell Company and the defendant, and consequently defendant did not owe plaintiff any duty which would charge it with liability.

This action is *ex contractu.* The relation between the defendant company and the Buell Company was a contractual relation. It contracted to deliver to the Buell Company water, as represented by shares of stock, limited only by the provisions of its by-laws. The Buell Company transferred and assigned to the plaintiff for the period of the lease the water therein provided, and the defendant, by reason of privity, became bound to deliver plaintiff's said water, subject only to his complying with its rules and by-laws. "Privity," as used with respect to contracts, leases, *etc.,* implies a connection, mutuality of will, an interaction of parties. To constitute either an express contract or one by implication upon which an action at law may be based, the parties must occupy toward each other a contract status, and there must be that connec-

tion, mutuality of intention, and interaction of parties generally expressed by the term "privity." (*Woods* v. *Ayres,* 39 Mich. 345, 33 Am. Rep. 396; *Van Buren Div. of Toledo & S. H. R. Co.* v. *Lamphear,* 54 Mich. 575, 20 N. W. 590; *Hartley* v. *Phillips,* 198 Pa. 9, 47 Atl. 929.)   For one not a party to a contract to successfully bring suit upon it, or for a party to a contract to successfully sue one not a party to it, the privity above defined must exist.   Applying this rule to the case at bar, we find that a privity of contract did exist between plaintiff and defendant.   The by-laws of the defendant company provided that any stockholder of the company might rent his shares of stock, or portion of water, to any other person, whether he be a stockholder or not, in which case such renter succeeds to the rights of the stockholder for every purpose except voting.   If the by-laws should stop here, undoubtedly there would be no contention of lack of privity, but they further provide: "However, said water shall not be delivered to any person other than the stockholder except upon an order in writing to the superintendent, directing such delivery."   This provision is manifestly for the guidance, safeguard and protection of the company, and is subject to waiver by it.   Plaintiff pleaded a waiver of this provision.   Evidence was introduced showing that for two years previous to 1917 he had been furnished water by the defendant for irrigation of the same lands that he had in 1917, all of which was done without written notice; the lessee (the plaintiff), verbally making known his desire to defendant's ditch rider, received water for the two years previous, and by virtue of similar notice an attempt was made, and *some* water furnished him in 1917; at no time did the defendant refuse to furnish water because written notice had not been given, nor was there any dispute as to how much water he should receive.   This action on the part of the defendant we must construe to be a waiver of the written notice.   The privity now being determined, the plaintiff is placed in the same position with the defendant as the

Buell Company, a stockholder of it, would have been, had no lease been made.

In dealing with the second specified error, for the reasons foregoing, we shall treat plaintiff as a stockholder. This proposition appellant designates as the important question in the case. It is important in that this court has never heretofore determined the relation existing between an incorporated mutual irrigation company and its stockholders. We are confronted for the first time with the question: "Can a stockholder in an incorporated mutual irrigation company maintain an action against the corporation for damages, because of its failure to deliver water to him?" In this case all the facts as to the negligent failure to deliver water and damages resulting therefrom was submitted to a jury, which found these issues in favor of the plaintiff, and they are therefore set at rest and are no concern of this court; our only duty being to determine whether the plaintiff, as a matter of law, can recover. It is admitted that the defendant was the owner, and engaged in the operation, of a certain canal, or irrigation system, organized for the purpose of diverting waters from their natural channel and supplying the same to the stockholders of the defendant for their mutual benefit, in proportion to their respective shares therein. This being a fact, the relation between the defendant and its stockholders is one of contract. The members purchased their stock—their interest in the corporate body—for certain express purposes, namely, the supplying of water to them in proportion to their respective shares, and the defendant corporation undertook to faithfully carry out these purposes. This is a contract which the law implies. From it arises the trust which the defendant is charged to conduct—the company business in the interest of the stockholders—and in this connection each share of stock in respect to the benefit to which it entitles its holder is equal to every other share. (*Sawyer* v. *Hoag*, 17 Wall. 611, 623, 21 L. Ed. 731; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543, 590, 99 Am. Dec. 300; *Rocky Ford Canal etc. Co.* v. *Simpson*,

[62 Mont. 401.]

5 Colo. App. 30, 36 Pac. 638.)   The defendant being a corporation organized to supply water for irrigation purposes to its stockholders, and defining the interest of each stockholder in the water carried to be the exact proportion to the amount of his stock, it was the defendant's duty to use reasonable• care and diligence in maintaining its canal and keeping it supplied wth water, and to regulate and divide the use thereof among the several stockholders, in accordance with their respective interests, and it necessarily follows that for neglect or failure to properly discharge this duty .it must respond in damages to the stockholder injured thereby. (*Berg* v. *Yakima V. Canal Co.*, 83 Wash. 451, L. R. A. 1915D, 292, 145 Pac. 619; *O'Connor* v. *North T. Ditch Co.*, 17 Nev. 245, 30 Pac. 882; *Rocky Ford Canal etc. Co.* v. *Simpson,* 5 Colo. App. 30, 36 Pac. 638; *Mountain S. Ditch Co.* v. *Lindekugel*, 24 Colo. App. 100, 131 Pac. 789.)

Defendant's argument that a stockholder in a mutual company cannot recover in any event against the company [5] acquires its basis in the theory that the stockholders are tenants in common.   Of course, if this be true, then defendant's position is well founded, for a tenant in common cannot be charged with a liability to a cotenant for damages suffered by the latter through no fault of his. (38 Cyc. 84.)   To adopt the theory of tenants in common, we would have to disregard the purpose and effect of a charter or articles of incorporation; we would obliterate the difference between incorporated and unincorporated mutual companies; the corporation law as to such company would become a nullity.   This defendant having formally incorporated under the law and entered the business for which it was incorporated, is charged by law with the duty of exercising reasonable care and diligence in pursuing that business. (*Mountain Supply Ditch Co.* v. *Lindekugel,* 24 Colo. App. 100, 131 Pac. 789; *Miller* v. *Imperial Water Co.,* 156 Cal. 27, 24 L. R. A. (n. s.) 372, 103 Pac. 227.)   It is a creature of the law, dealing only with its stockholders, which dealing, to be done, must be by con-

tract. If under the charter, articles of incorporation, or by-laws it can assess its stockholders for maintenance and distribution of water, which it must do in order to maintain its canal and distribute its water, it must answer in damages to a stockholder for failure to live up to its part of the contract; if it accepts the benefits of the law conferred by its creation, it must discharge the burdens incident thereto.

The stockholders of defendant are not tenants in common. The relation of the stockholders to the company is one of contract. Hence we must answer the question in the affirmative—a stockholder of an incorporated mutual irrigation company can maintain an action against the corporation for damages because of its failure to deliver water to him.

We recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*

