## FORREST F. McKENZIE v. MINNEAPOLIS POLICE RELIEF ASSOCIATION.[1]

November 7, 1930.

No. 28,098.

G. A. Will, for appellant.

Bauers, Carlson & Beveridge and Fred Ossanna, for respondent.

LORING, C.

Respondent was an officer on the police force of the city of Minneapolis from January 1, 1923, until October 16, 1926. In 1923 he became a member of the appellant, an incorporated association, and remained in good standing therein. October 16, 1926, he was retired from the police force for disability. He then applied for a pension under the by-laws of the defendant association, which was organized for the purpose of affording pensions or compensation to its members when retired for age or disability. His application was refused, and he sued out an alternative writ of mandamus to compel the defendant to put him on its pension roll and to pay

[1]Reported in 232 N. W. 797.

him a monthly pension of $75 a month to which he would be entitled if he was "disabled physically or mentally because of any injury received or suffered while in the performance of his duties as a police officer of said city."

The association answered denying respondent's disability and asserting that if such disability exists it was not received in the performance of duty as a policeman. Issues were submitted to a jury, which found that respondent's disability resulted from an injury received or suffered while in performance of his police duties and that such injury still existed. The court took further evidence and made findings in favor of respondent. Judgment was entered, and a peremptory writ of mandamus was issued compelling the appellant to place respondent on the rolls as a pensioner and to pay him accrued pension amounting to $2,689.78. The association has appealed from the judgment.

The appellant challenges the respondent's right to relief by writ of mandamus but cites no cases to support its contention. The use of the writ of mandamus in this class of cases seems to be supported by the great weight of authority. Longyear v. Hardman, 219 Mass. 405, 106 N. E. 1012, Ann. Cas. 1916D, 1200; Miller v. Imperial Water Co. 156 Cal. 27, 103 P. 227, 24 L.R.A. (N.S.) 372; 18 R. C. L. p. 174.

In the state of the record the only other question to be considered here is whether or not the evidence sustains the findings in favor of respondent. There was considerable conflict between the medical experts as to the existence of disability. Under the usual rule this court will not disturb the findings where there is credible evidence substantiating them. The same rule governs the question of whether or not respondent's disability was received in the performance of his police duties.

There is sufficient evidence to support the findings, and the judgment is affirmed.