GEORGE SCHUMANN, EMMA R. SCHUMANN, HYRUM SCHUMANN, MARLENA P. SCHUMANN, GEORGE A. SCHUMANN, SUSAN B. SCHUMANN, HENRY M. SCHUMANN AND JUNE LA PRIEL SCHUMANN, A COPARTNERSHIP, APPELLANTS, v. ROSS. MARTIN AND SARA LEA MARTIN, HIS WIFE, RESPONDENTS.

No. 3910

October 18, 1956.                    302 P.2d 284.

*Orville R. Wilson,* of Elko, and *L. Delos Daines,* of Salt Lake City, Utah, for Appellants.

*F. Grant Sawyer,* of Elko, for Respondents.

## OPINION

By the Court, MERRILL, C. J.:

This is an action for damages to respondents' cattle by reason of appellants' acts in depriving them of stock water. From a jury verdict in favor of respondents, the appellants have taken this appeal. The sole question involved is whether in such an action the defense of contributory negligence is available to the appellants as defendants below.

It was alleged by the respondents that appellants, upstream, had wrongfully placed an obstruction in the water course and thereby diverted all water therefrom, including the flow of stock water to which respondents, downstream, were rightfully entitled. Among their defenses appellants alleged that respondents had been guilty of negligence through failure to examine their cattle, the pasture where they were held and the accessible watering spots, which negligence proximately contributed to and caused the injury to the cattle. This

defense was stricken by the trial court "for the reason that the same does not state a defense to the complaint of plaintiffs in that contributory negligence is not a defense to an action based upon dispossession of real property."

Such may be the rule in a case of willful dispossession, but it is not the rule in the case of a negligent invasion of one's property rights. See 2 Restatement of the Law, Torts, 1287–8, secs. 497, 498. Accord, O'Connor v. North Truckee Ditch Company, 17 Nev. 245, 30 P. 882.

Respondents contend that this was an action for willful rather than negligent trespass. The complaint alleges that an obstruction was placed in the water course. Whether it was willful or negligent is not specified. It must be recognized that such an obstruction may well result from negligent rather than willful conduct. The testimony of one of the respondents was that such was the cause.

With reference to the nature of trespass, the court instructed the jury as follows: "You are instructed that the sense of 'trespass,' as used in this case, is one of the following: A shutting off of the stock waters at one of the points of diversion; or, the diversion of such a quantity of the waters of Steele Creek as to substantially reduce the required flow of stock waters down Steele Creek; or, *the failure to exercise proper care in making the diversion,* which lack of care operates to cut off or reduce the required flow." Thus a negligent trespass was clearly recognized to be within the scope of the action.

It may be noted that another instruction also related to the exercise of proper care: that the flow of stock water to which respondents were legally entitled was that which would flow through a six-inch pipe or such amount as would in *"the judgment of a reasonably prudent man * * * constitute an equal flow.* (In both quotations, emphasis supplied.)

The defense of contributory negligence, properly confined, was therefore available to the appellants.

Reversed and remanded for new trial.

BADT and EATHER, JJ., concur.