(April 27, 1923.)

## WILHELM PREIS, Appellant, v. IDAHO IRRIGATION CO., LTD., Respondent.

[215 Pac. 466.]

WATER—CONTRACT TO FURNISH AND DELIVER—DEFAULT—ACTION FOR DAMAGES—DEFENSE—COMMUNITY DITCH—WATER-MASTER—FAILURE TO APPOINT.

1. Under the Carey Act contracts pleaded in this case, the construction company still being in control of the operating company, appellant made a *prima facie* case by proving such contracts, failure to deliver water in accordance therewith and consequent damage to his crops, with the amount of such damage. It was then incumbent upon respondent to prove that the failure of its water supply was due to an extraordinary drouth and that it had delivered to appellant his just proportion of the available supply.

2. In such an action as this the construction company must show an extraordinary drouth as the cause for the water shortage in order to make a good defense and an instruction to the jury that a drouth is a good defense is erroneous.

3. Failure of water users to appoint a water-master for a community ditch is not a good defense for a person, association

Publisher's Note.

1. What constitutes defense for failure to supply water in accordance with contract, see note in Ann. Cas. 1912C, 1031.

3. Measure of damages for breach of contract to furnish water for irrigation, see notes in 19 L. R. A., N. S., 938, and 31 L. R. A., N. S., 743.

or corporation that is bound by contract to furnish water for irrigation if it fails to furnish the amount of water for which it is bound, but such person, association or corporation may not be held responsible for damage resulting from the improper or unfair distribution of water from a community ditch, no matter whether the full contract amount or less has been placed therein.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for damages. Judgment for defendant. *Reversed.*

Bissell & Bird and W. T. Stafford, for Appellant.

An unconditional and independent obligation rested upon the respondent to deliver to the appellant the contracted amount of water, or so much thereof as good husbandry might require, and failing in this the respondent is liable on the contract for resultant damages. (*Twin Falls etc. Co. v. Martens,* 271 Fed. 428; *State v. Twin Falls etc. Co.,* 30 Ida. 41, 166 Pac. 220; *Twin Falls etc. Co. v. Caldwell,* 242 Fed. 177, 155 C. C. A. 17; *Hanes v. Idaho Irr. Co.,* 21 Ida. 512, 122 Pac. 589.)

That portion of sec. 3288, R. C., upon which the district court based its judgment of nonsuit had been repealed prior to the time appellant's right of action accrued. (Laws 1895, p. 174 et seq.; Laws 1899, p. 380, secs. 17, 19, 33, and title; *Collins v. Twin Falls etc. Co.,* 28 Ida. 1–5, 152 Pac. 200; Laws 1903, p. 223, secs. 41, 60 and 61; *United States v. Claflin,* 97 U. S. 546, 24 L. ed. 1082; 6 Am. & Eng. Ency. of Law, 720; note, 88 Am. St. 267 et seq.; 25 R. C. L. 914 et seq.; *People v. Lytle,* 1 Ida. 143; *Noble v. Bragaw,* 12 Ida. 265, 85 Pac. 903.)

If it is a live statute, sec. 3288, R. C., has no application to the state of facts involved in the instant case. (25 R. C. L. 988; C. S., sec. 9444; *Collins v. Twin Falls etc. Co., supra; Hanes v. Idaho Irr. Co., supra.*)

Walters, Parry & Bailey, for Respondent.

The theory upon which appellant brought and tried this action was not a proper theory for determining the rights

between the parties. (*Twin Falls Salmon River Land & Water Co. v. Caldwell*, 272 Fed. 356; *Tapper v. Idaho Irr. Co.*, 36 Ida. 78, 210 Pac. 591; *Staats v. Ten Eyck's Exrs.*, 3 Caines (N. Y.), 111, 2 Am. Dec. 254; *Sommerville v. Idaho Irr. Co.*, 21 Ida. 552, 123 Pac. 302.)

The subsequent acts cited by appellant are not sufficient to operate as a repeal of sec. 5632, C. S., by implication. (25 R. C. L. 918, 919, 924; *Fulkerson v. Bristol*, 95 Va. 1, 5; 27 S. E. 815, and authorities cited; *Lambert v. Barrett*, 115 Va. 136, Ann. Cas. 1914D, 1226, 78 S. E. 586; *University of Utah v. Richards*, 20 Utah, 457, 77 Am. St. 928, 59 Pac. 96; *Davis v. Fairbairn*, 3 How. (U. S.) 636, 11 L. ed. 764; *Wood v. United States*, 41 U. S. (16 Pet.) 363, 10 L. ed. 993; *Chicago, M. & St. P. R. R. Co. v. United States*, 127 U. S. 409, 8 Sup. Ct. 1194, 32 L. ed. 180; 36 Cyc. 1074; *Merrill v. Gorham*, 6 Cal. 41; *Ex parte Smith*, 40 Cal. 419; *Bank of British North America v. Cahn*, 79 Cal. 463, 21 Pac. 863.)

Sec. 5632 has been expressly referred to as an existing statute by the legislature, and also adopted into the code of this state, subsequent to the date of the acts which appellant claims operate as implied repeals thereof, and is consequently a valid statute. (25 R. C. L. 926; *United States v. Fisher*, 2 Cranch (U. S.), 358, 399, 2 L. ed. 304; *Pratt v. Swan*, 16 Utah, 483, 52 Pac. 1092.)

DUNN, J.—This is an action brought by appellant against respondent, a Carey Act construction company, for damages claimed to have been suffered by appellant because of the failure of respondent to furnish him water for irrigating his crops in the season of 1915 in compliance with a certain contract entered into by the respondent with the state of Idaho and other contracts entered into by respondent with appellant by which respondent agreed to furnish and deliver to appellant one-eightieth of a cubic foot of water per second per acre for the irrigation of appellant's lands.

Respondent denied the allegations of the complaint as to its contract to furnish the above-mentioned amount of water

to appellant, and denied its failure to furnish water as alleged in the complaint, and also denied the damages which appellant claimed to have suffered by injury to and loss of his crops. As a defense to the action respondent pleaded an unusual and extraordinary drouth in the season of 1915 and in consequence thereof an unprecedented shortage of water all over the southern part of the state and particularly in Big and Little Wood Rivers, from which it obtained its water supply. It claimed to have distributed proportionally and equitably among the water users on this project all of the water supply available for that season, and by reason thereof to be discharged from any liability for the crop shortage set up by appellant.

The respondent also pleaded as a defense that appellant, who with two other parties received water from respondent through a community ditch, had failed to comply with R. C., sec. 3288, now C. S., sec. 5632, which reads as follows:

"Where two or more parties take water from said ditch, canal or reservoir at the same point, to be conveyed to their respective premises for any distance through the same lateral or distributing ditch, such parties shall, on or before April 1 of each year, select some person to have charge during the succeeding season of the distribution of water from such lateral, whose duty it shall be to ascertain and see that the amount of water to which each of the parties interested is entitled is properly apportioned and distributed. It shall be his further duty to see that the said person, association or corporation, contracting to furnish such water shall deliver the amount as provided in section 5630, and in case of dispute between such person and the said person, association or corporation as to the quantity of water to be delivered, or the amount actually delivered, the matter shall be referred to the department of reclamation. The parties entitled to said water shall keep their ditches and laterals in good condition for carrying and distributing the same. In case the parties entitled to the use of water as in this section stated shall neglect or refuse to perform the duties imposed upon them by this section, they shall have no

cause for damage against the person, association or corporation furnishing said water for failure to properly furnish and distribute the same.''

C. S., sec. 5630, is as follows:

''Any person, association or corporation which may contract to deliver a certain quantity of water to any party or parties, shall deliver the same to such party or parties, together with a reasonable and necessary allowance for loss by evaporation and seepage, at some convenient point on the main ditch, canal or reservoir of said person, association or corporation, or on any branch or lateral thereof belonging to the owner or owners of such ditch, canal or reservoir.''

Some additional defenses were pleaded which are not material to the decision of the case.

Appellant offered substantial testimony to sustain the allegations of his complaint and at the close of his case respondent moved the court for a nonsuit upon several grounds, the first of which was a failure to prove compliance with C. S., sec. 5632, in the appointment of a water-master. On this ground the nonsuit was granted and appellant brings the case here on the sole ground that the court erred in granting the nonsuit and entering its judgment thereon.

The court erred in granting the nonsuit on the ground that appellant had not shown the appointment of a water-master for the community ditch through which he received his water supply. Respondent had not refused to furnish water for that season because these community users had no water-master, and in this situation, after having undertaken to provide the water to which appellant was entitled, we fail to see how it could be protected from its default, if it were in default, in failing to furnish the required amount of water by reason of the fact that appellant and his associates had not appointed a water-master.

Respondent admits that if it wholly failed to turn water into the community ditch the fact that the users of such ditch had no water-master would not be a defense against such default on its part. If this be true we do not see how it would be any better defense in case it were satisfactorily

shown that respondent put into such community ditch a smaller amount of water than it was required to furnish. It is difficult to see just what application was intended to be made of this section unless it were to give the person, association or corporation furnishing water the right to refuse to furnish such water in any given season until the requirements of this section had been complied with. Our attention has been called to no law of this state making the person, association or corporation furnishing water responsible for its distribution among the users through a community ditch. When it has turned into such ditch the aggregate amount of water required by the users its responsibility is ended: *Collins v. Twin Falls etc. Water Co.,* 28 Ida. 1, 152 Pac. 200. Viewing this provision of C. S., sec. 5632, in connection with other sections of this chapter, particularly C. S., sec. 5634, it would seem that the purpose of the legislature was simply to provide a means of insuring an equitable distribution of water received through a community ditch, apportioning the expense of operating and maintaining such community ditch and enforcing payment by each user of his part of the expenses necessarily incurred.

Proof that a water-master has been appointed in such an action as this is no more a part of appellant's case than to prove that the ditches and laterals through which appellant received his water were in good condition for carrying and distributing the same. The failure of appellant and his associates to appoint a water-master is one of the defenses pleaded by respondent and the burden of proving this defense as well as others pleaded by it is on respondent. The rule announced by the majority of this court in the case of *Tapper v. Idaho Irr. Co.,* 36 Ida. 78, 210 Pac. 591, 597, that ". . . . the appellants made a *prima facie* case by proving the contract and failure to deliver water in accordance with its terms and consequent damages to their crops, together with the amount thereof. It was incumbent upon respondent to prove the failure of the water supply on account of extraordinary drouth, and also that it delivered to appel-

lants their just proportion of the water supply which it had," is applicable to the situation presented here. On the retrial, if appellant makes proof of his case in accordance with the above rule then respondent will be required to put in its defenses, and it will be a good defense if it proves that its failure to furnish the contract amount of water to appellant was due to an extraordinary drouth and that it delivered to appellant his just proportion of the water supply that it had. It would be the duty of the court in such case to instruct the jury that the respondent had no responsibility for the distribution of water among the users from the community ditch, no matter whether the full contract amount or a smaller amount of water had been turned into such ditch by respondent.

Appellant contends that this section requiring the appointment of a water-master for a community ditch has been repealed, if not expressly, at least by implication. He relies upon secs. 17, 19 and 33 of an act providing for the appropriation and distribution of water (Sess. Laws 1899, p. 380), and also sec. 41 of an act to regulate the appropriation and diversion of public waters (Sess. Laws 1903, p. 223), as repealing said section, at least by implication. We do not find anything in these laws cited by appellant repugnant to or necessarily inconsistent with the provisions of C. S., sec. 5632, and therefore hold that said section has not been repealed.

The judgment is reversed. Costs to appellant.

Budge, C. J., and McCarthy, J., concur.

William A. Lee, J., concurs in the conclusion reached.