(April 27, 1923.)

## JOHN EDHOLM, Appellant, v. IDAHO IRRIGATION CO., LTD., Respondent.

[214 Pac. 1036.]

WATER—CONTRACT TO FURNISH AND DELIVER—DEFAULT—ACTION FOR DAMAGES—DEFENSE.

    1. Under the Carey Act contracts pleaded in this case, the construction company still being in control of the operating company, appellant made a *prima facie* case by proving such contracts, failure to deliver water in accordance therewith and consequent damage to his crops, with the amount of such damage. It was then incumbent upon respondent to prove that the failure of its water supply was due to an extraordinary drouth and that it had delivered to appellant his just proportion of the available supply.

    2. In such an action as this the construction company must show an extraordinary drouth as the cause for the water shortage in order to make a good defense, and an instruction to the jury that a drouth is a good defense is erroneous.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action for damages. Judgment for defendant. *Reversed.*

Bissell & Bird and W. T. Stafford, for Appellant.

Under his contract appellant acquired a definite water right, and not a mere proportionate interest, and therefore the trial court committed reversible error in instructing the jury that it was incumbent upon the respondent to furnish the appellant with only his proportionate share of the available water supply. (C. S., sec. 2998; *State v. Twin Falls etc. Co.,* 30 Ida. 41, 166 Pac. 220; *Twin Falls Salmon etc. Co.,* 242 Fed. 177, 155 C. C. A. 17; *Childs v. Neitzel,* 26 Ida.

---

Publisher's Note.

    2. What constitutes defense for failure to supply water in accordance with contract, see note in **Ann. Cas.** 1912C, 1031.

116, 141 Pac. 77; *Hanes v. Idaho Irr. Co.,* 21 Ida. 512, 122 Pac. 859.)

The trial court erred in instructing the jury that if the shortage of water in 1915 was caused by a "drouth or a scarcity in any natural stream supplying said canal system, then the company shall not be liable for such shortage of water, nor for any damage caused thereby, and you shall find in favor of the defendant company," as by such instructions the court did not submit to the jury the question of whether or not the drouth of 1915 was usual and might have been foreseen and provided for in the exercise of reasonable diligence. (*Berg v. Erickson,* 234 Fed. 817, 148 C. C. A. 415; 13 C. J. 641; 6 R. C. L. 997–1003; *School Dist. No. 1 v. Dauchy,* 25 Conn. 530, 68 Am. Dec. 371; *Wilson v. Boise City,* 20 Ida. 133, 36 L. R. A., N. S., 1158, 117 Pac. 115; *Kansas City v. King,* 65 Kan. 64, 68 Pac. 1093.)

Instruction No. 8 is erroneous in that it places a greater burden of proof upon appellant than the law anticipates. (*State v. Twin Falls etc. Co.,* 30 Ida. 41, 166 Pac. 220; C. S., sec. 6847; *Hanes v. Idaho Irr. Co., supra.*)

Defendant's exhibits "B," "C," "D" and "E" were improperly admitted in evidence for the reason that the plats and compilations contained in the same were made up from data extending over a period of only about eight years, and therefore did not tend to prove that the drouth of 1915 was unprecedented or unusual, but on the contrary, such exhibits were misleading to the jury. (*Wilson v. Boise City, supra; Rice v. Oregon S. L. R. Co.,* 33 Ida. 565, 198 Pac. 161.)

Walters, Parry & Bailey, for Respondent.

It is undisputed that natural causes were the sole reason for the shortage, if any, and the contracts here involved are of such a character that the destruction of the specific subject matter thereof is an absolute defense to an action thereon. (6 R. C. L. 1005 and cases cited; 9 Cyc. 361; *Taylor v. Caldwell,* 3 Best & S. 826, 122 Eng. Rep. 309, 6 Eng. Rul. Cas. 603, 12 A. L. R. 1274, note, and cases cited;

*The Tornado (Ellis v. Atlantic Mutual Ins. Co.)*, 108 U. S. 342, 2 Sup. Ct. 746, 27 L. ed. 747; *The Claversk*, 264 Fed. 276; *Potts Drug Co. v. Benedict*, 156 Cal. 322, 104 Pac. 432, 25 L. R. A., N. S., 609; *Ward v. Vance*, 93 Pa. St. 499; Elliott on Contracts, sec. 1910; *Siegel Cooper & Co. v. Eaton & Price Co.*, 165 Ill. 550, 46 N. E. 449; *Bruce v. Indiana Gas Co.*, 46 Ind. App. 193, 92 N. E. 189; *Jackson etc. Co. v. Independence*, 188 Mo. 157, 175 S. W. 86; *Pengar v. Wheeler*, 24 Or. 532, 34 Pac. 354, 21 L. R. A. 726; *Hunter Canal Co. v. Robertson*, 113 La. 833, 37 So. 771; *Dolan v. Rodgers*, 149 N. Y. 489, 44 N. E. 167; *Evans v. Prosser Falls etc. Co.*, 62 Wash. 178, Ann. Cas. 1912C, 1029, 113 Pac. 271; Wiel on Water Rights, 3d ed., sec. 536; *Acon v. Fry*, 55 Colo. 56, 132 Pac. 55; *Shear v. Wright*, 60 Mich. 159, 26 N. W. 871; *Fresno Milling Co. v. Fresno Canal & Irr. Co.*, 126 Cal. 640, 59 Pac. 140.)

The duty of respondent was to make available a sufficient quantity of water at the agreed rate of flow to allow appellant to produce ordinary agricultural crops, that is, an amount which he could apply to a beneficial use during the ordinary or average year only. (*Twin Falls Salmon River Land & Water Co. v. Caldwell*, 272 Fed. 356; *Tapper v. Idaho Irr. Co.*, 36 Ida. 78, 210 Pac. 591.)

During a year of drouth the only duty of respondent was to deliver the water available to its contract holders, proportionately, without negligence. . (*Berg v. Yakima Valley Canal Co.*, 83 Wash. 451, 145 Pac. 619, L. R. A. 1915D, 292; *Gerber v. Nampa & Meridian Irr. Dist.*, 16 Ida. 1, 100 Pac. 80; *Young v. Extension Ditch Co.*, 28 Ida. 775, 156 Pac. 917; *Jackson v. Indian Creek etc. Co.*, 16 Ida. 430, 101 Pac. 814; *Stuart v. Davis*, 25 Colo. App. 568, 139 Pac. 577; *McNair v. Imperial Water Co. No. 8*, 156 Cal. 31, 103, 207; *Booth v. Chapman*, 59 Cal. 149; *San Joaquin & K. etc. Co. v. Stanilaus*, 191 Fed. 875; *Imperial Water Co. No. 5 v. Holabird*, 197 Fed. 4, 116 C. C. A. 526; *O'Connor v. North Truckee Ditch Co.*, 17 Nev. 245, 30 Pac. 882; *Rocky Ford Can. etc. Co. v. Simpson*, 5 Colo. App. 30, 36 Pac. 638; *Mountain Supply Ditch Co. v. Lindekugel*, 24 Colo. App. 100, 131 Pac.

789; *Lassen Irr. Co. v. Long* (Cal.), 196 Pac. 409; C. S., sec. 5654.)

Appellant's proffered instructions were properly refused, for they attempted to state that drouth cannot be a defense under contracts such as here involved, although this is the law in this state, and give an improper definition of the character of drouth which would be a defense here and a definition more stringent than that adopted by this court. (*Tapper v. Idaho Irr. Co.*, 36 Ida. 78, 210 Pac. 591; *Dow v. Bryant*, 28 Wyo. 508, 206 Pac. 1061; Wiel on Water Rights, 3d ed., sec. 538; *Evans v. Prosser Falls etc. Co.*, 62 Wash. 178, Ann. Cas. 1912C, 1029, 113 Pac. 271.)

DUNN, J.—Appellant is the owner of land and a water right under a Carey Act irrigation system constructed by respondent. His contract provides for the delivery to him of one-eightieth of a cubic foot of water per second per acre. In the summer of 1915 he suffered serious shortage of water and consequent loss of crops, damages for which he seeks to recover in this action.

The case was tried before a jury and a verdict returned for respondent. The appeal is from the judgment.

The errors assigned relate to the instructions and the admission of certain exhibits.

Instructions 5, 6, 7, 9 and 10, of which complaint is made, all relate to the shortage of water and state in substance that if appellant's failure to receive water was due to a shortage occasioned by drouth, or by insufficient moisture or snowfall in the watershed supplying the irrigation system respondent would not be liable. These instructions were erroneous. In the Tapper case, in which the issue was the same as in this case, the majority of this court held that ". . . . the appellants made a *prima facie* case by proving the contract and failure to deliver water in accordance with its terms and consequent damages to their crops, together with the amount thereof. It was incumbent upon respondent to prove the failure of the water supply on account of an extraordinary drouth, and also that it delivered to appel-

lants their just proportion of the water supply which it had." (*Tapper v. Idaho Irr. Co.*, 36 Ida. 78, 210 Pac. 591, 597.)

In the case at bar appellant brought himself within this rule, but the foregoing instructions of the court exempted the respondent from proving the defense of an extraordinary drouth which was required by the Tapper case and which respondent had pleaded.

Instruction No. 8 was erroneous in telling the jury that appellant was required to prove that respondent "had a water supply which was available to the defendant for distribution to plaintiff, but that the defendant company failed and neglected to do so to plaintiff's injury." No such burden rested upon appellant. (*Tapper v. Idaho Irr. Co., supra.*)

The admission of exhibits "B," "C," "D" and "E" is assigned as error. "C," "D" and "E" were exhibits purporting to show the water supply in the respondent's reservoir from 1909 to 1917. "B" was a diagram purporting to show the water discharge of 1915 as compared with other years in the Columbia Basin at The Dalles, Oregon, and in the Snake River at Montgomery's Ferry, Idaho, and in a number of tributaries of the Snake River. In view of the holding of this court in the Tapper case the admission of these exhibits was not error except as to that part of "B" pertaining to the Columbia Basin, which was too remote.

The judgment is reversed, with costs to appellant.

Budge, C. J., and McCarthy, J., concur.

William A. Lee, J., concurs in the conclusion reached.