Points Decided.

(May 28, 1923.)

## L. J. MESERVY, Respondent, v. IDAHO IRRIGATION COMPANY, LTD., a Corporation, and BIG WOOD RIVER RESERVOIR AND CANAL CO., LTD., a Corporation, Appellants.

[217 Pac. 595.]

MOTION FOR NONSUIT—REOPENING CASE—CONTINUANCE—DISCRETION OF COURT—PLEADING—DEFENSE OF SHORTAGE OF WATER—FAILURE OF WATER USERS TO APPOINT WATER-MASTER NO DEFENSE FOR FAILURE TO FURNISH WATER—INSTRUCTIONS.

1. Where a motion for nonsuit has been argued and submitted, and plaintiff thereupon asks permission to reopen his case to introduce further testimony, some of which is intended to obviate a ground stated in the motion, the propriety of granting such application rests in the sound discretion of the court.

2. *Held,* that there was no abuse of discretion on the part of the trial court in denying appellant's application for a continuance.

3. In an action for damages against an irrigation company for failure to furnish water, where the complaint alleged that the company had an ample supply of water available for distribution during the 1919 season, which was denied by the answer, the alleged failure of the water supply on account of drouth was a matter of defense to be shown by the company.

4. Failure of water users to appoint a water-master for a community ditch is not a good defense for a corporation that is bound by contract to furnish water for irrigation, if it fails to furnish the amount of water for which it is bound.

5. *Held,* that the trial court committed no error in giving and refusing to give certain instructions.

APPEAL from the District Court of the Fourth Judicial District, for Blaine County. Hon. H. F. Ensign, Judge.

Action for damages for failure to furnish water for irrigation. Judgment for plaintiff. *Affirmed.*

Publisher's Note.

3. What constitutes defense for failure of company to furnish water in accordance with contract, see note in Ann. Cas. 1912C, 1031.

Walters, Parry & Bailey, for Appellant.

The only duty of company operating canal system was to deliver water available, without negligence. (*Gerber v. Nampa & Meridian Irr. Dist.*, 16 Ida. 1, 100 Pac. 80; *Berg v. Yakima Val. Canal Co.*, 83 Wash. 451, 145 Pac. 619, L. R. A. 1916D, 292; *Young v. Extension Ditch Co.*, 28 Ida. 775, 156 Pac. 917; *Jackson v. Indian Creek etc. Co.*, 16 Ida. 430, 101 Pac. 814; *Stuart v. Davis*, 25 Colo. App. 568, 139 Pac. 577; *McNair v. Imperial Water Co.*, 156 Cal. 31, 103 Pac. 229; *Booth v. Chapman*, 59 Cal. 149; *San Joaquin & King River etc. Co. v. Stanislaus County*, 191 Fed. 875, at 897; *Imperial Water Co. No. 5 v. Hollabird*, 197 Fed. 4, 116 Pac. 526; *O'Connor v. North Truckee Ditch Co.*, 17 Nev. 245, 30 Pac. 882; *Rocky Ford Canal etc. Co. v. Simpson*, 5 Colo. App. 30, 36 Pac. 638; *Mountain Supply Ditch Co. v. Lindekugel*, 24 Colo. App. 100, 131 Pac. 789.)

Testimony introduced showing how system was handled in 1920, the succeeding year, was highly prejudicial. (20 R. C. L. 180; *Columbia etc. R. R. Co. v. Hawthorne*, 144 U. S. 202, 12 Sup. Ct. 591, 36 L. ed. 405, at 406; *Fitter v. Iowa Tel. Co.*, 129 Iowa, 610, 106 N. W. 7; *Stewart & Co. v. Harman*, 108 Md. 446, 70 Atl. 333, 20 L. R. A., N. S., 228.)

Bothwell & Chapman, for Respondent.

"Propriety of permitting a party to reopen his case rests in the sound discretion of the trial court." (*Kinzell v. Chicago, M. & St. P. Ry. Co.*, 33 Ida. 1, 190 Pac. 255; *Pelikan v. Ridpath*, 8 Ida. 617, 71 Pac. 125; *Hall v. Jensen*, 14 Ida. 165, 93 Pac. 962; *Union Sav. Bldg. & Trust Co. v. McClain*, 23 Ida. 325, 130 Pac. 84.)

"A motion for a continuance is addressed to the sound legal discretion of the trial judge." (*Herron v. Jury*, 1 Ida. 174; *Cox v. Northwestern Stage Co.*, 1 Ida. 376; *Holt v. Gridley*, 7 Ida. 416, 63 Pac. 188; *Reynolds v. Corbus*, 7 Ida. 481, 63 Pac. 884; *Richardson v. Ruddy*, 10 Ida. 151,

77 Pac. 972; *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55; *De Puy v. Peebles,* 24 Ida. 550, 135 Pac. 264.)

"A party is not entitled to a continuance on account of the absence of a witness, without showing due diligence and the use of legal means to secure the attendance of such witnesses." (*Franklin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Walsh v. Winston Bros. Co.,* 18 Ida. 768, 111 Pac. 1090.)

"Newly discovered evidence, merely cumulative or only tending to contradict or to discredit a party or opposing witness, is no ground for a continuance." (*Phoenix Ins. Co. v. Wintersmith,* 30 Ky. Law, 369, 98 S. W. 987; *St. Louis & San Francisco R. R. Co. v. Long,* 41 Okl. 177, Ann. Cas. 1915C, 432, 137 Pac. 1156; *M. K. & T. Ry. Co. v. Horton,* 20 Okl. 815, 119 Pac. 233; *Collins v. Weiss,* 32 Tex. Civ. 282, 74 S. W. 46.)

"An action will lie for damages to crops under a Carey Act contract during the years in which the construction company retains control of the operating company, where the construction company has bound itself during such years to deliver water in such quantity as the condition of the crops and the weather shall determine." (*Tapper v. Idaho Irr. Co.,* 36 Ida. 78, 210 Pac. 591; *Hanes v. Idaho Irr. Co., Ltd.,* 21 Ida. 512, 122 Pac. 859; *State v. Twin Falls Salmon River Land & Water Co.,* 30 Ida. 77, 166 Pac. 232; *Childs v. Neitzel,* 26 Ida. 116, 141 Pac. 77; *Caldwell v. Twin Falls Salmon River Land & Water Co.,* 225 Fed. 591, 242 Fed. 177.)

"The appellants made a *prima facie* case by proving the contract and failure to deliver water in accordance with its terms and consequent damages to their crops, together with the amount thereof. It was incumbent upon respondent to prove the failure of the water supply on account of an extraordinary drouth, and also that it delivered to appellants their just proportion of the water supply which it had." (*Tapper v. Idaho Irr. Co., Ltd., supra.*)

The court did not err in refusing to give appellant's requested instruction which would have tended to emphasize the testimony of one witness as to the delivery of water to

respondent; and, for the further reason that it assumes a shortage of water when there is no evidence tending to show such fact. (38 Cyc. 1680; *Chappelle v. Roberts,* 150 Ala. 457, 43 So. 489; *Huff v. St. Joseph R. R. etc. Co.,* 213 Mo. 495, 111 S. W. 1145.)

FLYNN, Commissioner.—In this action respondent seeks damages sustained by reason of the wilful failure and negligence of the appellant, a Carey Act construction company, to furnish him his *pro rata* share of its available water supply for irrigation during the 1919 season.

On application for change of venue, the case was transferred from Lincoln county to Blaine county. The appellant is the same defendant appearing in the case of *Tapper v. Idaho Irrigation Co., Ltd.,* 36 Ida. 78, 210 Pac. 591, and the various contracts involved and discussed in that case are identical with the contracts herein involved in so far as they are material to the issues, and, for that reason, need not again be set forth.

The respondent alleged in his complaint the existence of certain contracts between appellant and the state of Idaho under and by which a large irrigation project was constructed by appellant in the counties of Blaine, Lincoln and Gooding of this state; that respondent's predecessors in interest entered into an entryman's contract with the appellant; that during the year 1919 respondent was engaged in farming the premises covered by said contract; that appellant was in control of the corporation which operated the system during 1919; that appellant had an ample supply of water available for distribution, but that it failed, neglected and refused to deliver to respondent a sufficient amount of said supply of water to allow him to successfully mature his crops; and that, by reason thereof, he was damaged in the sum of $3,628.22.

Appellant denied these allegations and also set up the affirmative defenses that the year 1919 was a year of extraordinary drouth on the project of appellant; that respondent's damages, if any, were caused by his own neglect, and

that he was estopped from maintaining this action for the reason that he had failed to comply with the provisions of sec. 5632 of the Compiled Statutes.

The jury returned a verdict for $1,547.96.

Both parties agree that the question of shortage of water, due to the alleged extraordinary drouth, is eliminated from the case.

Before going to the merits, we shall consider several errors assigned as to the conduct of the trial.

After a motion for nonsuit was argued and submitted, respondent asked to reopen his case to introduce further testimony, some of which was intended to obviate one of the grounds stated in the motion for nonsuit, which application was granted over appellant's objection.

The propriety of permitting respondent to reopen his case rests in the sound discretion of the court, and there appears to have been in this case no abuse of that discretion. (*Kinzell v. Chicago, M. & St. P. Ry. Co.*, 33 Ida. 1, 190 Pac. 255.)

Appellant then moved for a continuance. Its affidavit therefor states that on the reopening of the case, respondent was permitted to testify as to a conversation with one Walker, an employee of appellant, and also as to a letter respondent sent to M. R. Kays, a general manager of appellant, the legal effect of said conversation and letter being to establish a waiver by appellant of the provisions of sec. 5632 of the Compiled Statutes, which was an unexpected issue and not pleaded; that Walker was now at Aberdeen, Idaho, and Kays was at Phoenix, Arizona, and that neither of them was now employed by appellant; that appellant needed a continuance to ascertain from said absent witnesses, or others, the facts relating to the testimony of respondent as to waiver. Walker was the chief engineer of the appellant and had charge of the distribution of the water under appellant's system during the year 1919. The contents or substance of the letter to Kays does not appear.

We think that there was no abuse of discretion on the part of the trial court in denying the continuance.

After the motion for continuance was denied, appellant renewed its motion for nonsuit, and, on denial of this motion, rested. It is urged that the court erred in denying the motion for nonsuit, which incorporated various grounds wherein it is claimed respondent failed to make his case. One of these grounds is that the complaint alleged that appellant had an ample supply of water available for distribution during the 1919 season, which was denied by the answer, and that respondent failed to introduce any testimony as to whether appellant had an ample supply of water, or any supply at all. This objection is disposed of by saying that the failure of water supply was a matter of defense to be shown by the appellant, and the fact that respondent alleged an ample supply does not change the rule announced in *Tapper v. Idaho Irr. Co., Ltd.,* *supra,* *Edholm v. Idaho Irr. Co., Ltd., ante,* p. 116, 214 Pac. 1036, and *Preis v. Idaho Irr. Co., Ltd., ante,* p. 109, 215 Pac. 466, to the effect that in such an action as this the defendant irrigation company must show an extraordinary drouth as the cause for the water shortage complained of in order to make a good defense, and also that it delivered to appellant his just proportion of the water supply which it had.

Another ground stated in the motion for nonsuit is that it affirmatively appears from the testimony that respondent was using the water delivered to him in community laterals, from which respondent and others diverted it without complying with sec. 5632, C. S., requiring the appointment of a manager where two or more parties take water from a ditch or canal at the same point to be conveyed through the same lateral or distributing ditch, the statute further providing that neglect to comply with its provisions shall prevent an action for damages against the person, company or association furnishing water for failure to properly furnish and distribute the water.

There is evidence in the record that respondent actually received 2.16 acre-feet per acre of water, and that he was entitled under his contract to 1.92 acre-feet per acre while

the supply of water lasted for the season of 1919, and that the latter amount was available for delivery to respondent, but the record shows, without contradiction, that from June 16th, up to which time respondent admits receipt of his *pro rata* share of water, on which date the water was turned off for five days for the purpose of cleaning the moss from the ditch, until June 26th, respondent received no water, and that thereafter, until July 17th, the deliveries were intermittent with full delivery of water for a few hours only on a few days, and a total absence of water, or only a portion of a full stream, on the remaining days; that the water was needed during this time and was being demanded by respondent; that the water thus supplied intermittently was not sufficient to properly irrigate respondent's crops.

If this be true, appellant certainly did not put into the lateral which supplied respondent the amount of water it was required to furnish at respondent's head-gates, and, following *Preis v. Idaho Irr. Co., Ltd., supra,* respondent's failure to select a manager for the ditches used by himself and others jointly was not a ground on which the motion for nonsuit could have been sustained. In that case this court said that "Proof that a water-master has been appointed in such an action as this is no more a part of appellant's (plaintiff's) case than to prove that the ditches and laterals through which appellant received his water were in good condition for carrying and distributing the same."

The latter conclusion disposes of the numerous other assignments of error, except those we shall mention presently.

There is ample evidence in the record to support the allegation that appellant was in control of the operation of the irrigation system during 1919 and no testimony to the contrary.

The court erred in admitting testimony as to what was done by appellant in the way of furnishing ditch riders' service and head-gates during the year 1920, but the error is harmless when we consider that the uncontradicted tes-

timony clearly shows not only respondent's right of recovery, but amply supports the itemized amounts for damages to the various crops which were segregated in the jury's verdict.

The court instructed the jury as to the definition of the word "wilful," giving the words of sec. 8074, subd. 1, C. S., which is contained in our Penal Code. In this there was no error.

It is claimed that the court erred in refusing to give the following instruction: "You are instructed that in times of shortages of water, defendant is only required to make a proportionate delivery to each water consumer of the water to which he is entitled, and in considering this feature of the case, you are to give due consideration to the testimony of a witness for plaintiff to the effect that the water users of the Idaho Irrigation Company received an average of 1.92 acre-feet of water per cultivated acre during the irrigation season of 1919, and that during the same period of time the plaintiff received 2.16 acre-feet of water per acre of cultivated acre from defendant company."

This instruction was properly refused for the reason that it would have tended to emphasize the testimony of one witness as to delivery of water to respondent, and for the further reason that it assumes a shortage of water when there is no evidence tending to show such fact.

The other assignments of error have been examined and no error sufficient to warrant a reversal is found. The judgment should therefore be affirmed.

Budge, C. J., and Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—The above and foregoing opinion has been examined and is hereby adopted in whole as the opinion of the court. Costs are awarded to respondent.

Petition for rehearing denied.