(No. 5538. February 2, 1931.)

C. W. RAYBORN, Respondent, v. SALMON RIVER CANAL COMPANY, LTD., a Corporation, Appellant.

[295 Pac. 1001.]

James R. Bothwell and W. Orr Chapman for Appellant.

J. W. Porter and J. W. Taylor, for Respondent.

GIVENS, J.—Respondent sued appellant, a Carey Act operating company, to recover damages for failure to deliver water for irrigation. A jury returned a verdict in favor of appellant. A new trial was granted on the theory that three instructions, enumerated hereafter, given by the court, were erroneous. The appeal is from the order granting a new trial. The questioned instructions given were as follows:

(3) "You are instructed, gentlemen of the jury, that the defendant owed the duty to the plaintiff to deliver at his headgate upon his request, at seasonable and reasonable times and in accordance with the general plan of water delivery by the company, the amount of water which plaintiff was entitled to receive through the system of the Company for the lands in question. And that defendant owed to the plaintiff the further duty of delivering such water in such reasonable quantities and with such a reasonable constant flow as would enable plaintiff to fairly utilize the same. And if you find from the evidence that defendant negligently or wrongfully failed in the performance of either

of these duties and plaintiff was damaged as a result thereof, then defendant is liable for such damage.

"Proof of failure to deliver or delivery at irregular times and in irregular manner is *prima facie* proof of negligence."

(4) "The defendant is only required to exercise ordinary care and diligence in operating the irrigation system in question, and if it is shown by the evidence that the defendant did not fail to exercise ordinary care and diligence, plaintiff may not recover, notwithstanding the fact that he has, in fact, sustained damages."

(5) "The plaintiff may not recover in this case if it is shown that the defendant was not guilty of negligence as charged in the complaint, and even though it be proven to the satisfaction of the jury that the plaintiff did not receive all of the water to which he was entitled after July 24, 1928, or that the water received was delivered at irregular times, and in irregular quantities, nevertheless, that fact will not entitle the plaintiff to recovery, if it be shown that the failure of plaintiff to receive the water to which he is entitled at regular times and in regular quantities was not due to the negligence or wrongful act of the defendant."

Respondent urges that the instructions were erroneous because they advised the jury that a general showing of care and diligence in handling the system constituted a good defense to a *prima facie* showing by appellant of failure to deliver the water. The respondent contends that the defendant could only excuse itself by reason of some specific cause or condition resulting in failure to deliver water which its exercise of reasonable care and diligence could not prevent, and tries to make much of the contention that appellant's theory of the case was that it sounded in tort and that the instructions were along that line, whereas respondent contends plaintiff's theory was that the action was for breach of contract.

The complaint alleged:

"10. That the defendant from and after the 24th day of July, 1928, failed and neglected to deliver to plaintiff, although requested by plaintiff so to do, said 27.47 acre feet of water during the remainder of the season of 1928, for use upon said lands or to deliver any part thereof save and except 13.60 acre feet of water. That during the season of 1928, the delivery of water to plaintiff was at irregular times and in irregular quantities, and that particularly after July 24, 1928, said 13.60 acre feet of water was neglectfully delivered by defendant at such irregular times and in such irregular quantities and the flow thereof so interrupted and variable that plaintiff was unable to secure the full benefit thereof and to properly use the same in the irrigation of said crop."

"11. That on the 24th day of July, 1928, plaintiff's said bean crop was in a growing and flourishing condition; that plaintiff properly and in a good and husbandmanlike manner cultivated, cared for, irrigated to the extent of the water available and harvested said bean crop. That by reason of defendant's failure and neglect to deliver the aforesaid 13.87 acre feet of water and the irregular manner and variable quantity of delivery of said 13.60 acre feet of water, said bean crop suffered from lack of proper and sufficient irrigation and was damaged and lessened in yield; that but for defendant's said failure and neglect said bean crop would have normally yielded 120,000 pounds of marketable beans; that the actual yield thereof was 45,100 pounds; and that plaintiff thereby suffered a loss of 74,900 pounds of beans; which was and is to plaintiff's great damage in the sum of $4,261.81."

It is thus apparent that plaintiff charged the defendant with negligent failure to comply with its obligations. Respondent assumed to dismiss from consideration the allegation in the complaint "failed and neglected to deliver," as nonessential. If nonessential, the language used should not have been inserted, and respondent having plead negligence must be held to such allegation. (*Smith v. Hines*, 33 Ida. 582, 196 Pac. 1032; 49 C. J., p. 117, sec. 110; *Ib.*,

p. 165, sec. 184.) All of respondent's authorities are to the effect that appellant's failure to deliver water, to be actionable must have been negligent. The record does not disclose that respondent requested any instructions on the point at issue.

It is immaterial whether the action be considered as one of contract or of tort. The negligent failure to deliver the proportionate share of water to which the plaintiff was entitled was the gist of the action charged in the complaint, denied in the answer, and so stated in the instructions considered.

The last paragraph of instruction No. 3 was certainly as favorable as plaintiff could wish for, and the instructions were no more general than the allegations in the complaint. The question of the burden of proof is not in the case because the appellant assumed such burden by offering evidence to show that it had not been negligent, and the evidence introduced by appellant, if believed by the jury, which the jury evidently did, it being within their determinative province, was explicit as to what appellant had done in endeavoring to furnish water, detailing the care exercised in the operation of its system, and was sufficient to exculpate the appellant from the charge of "neglectful failure" to deliver respondent's proportionate share of water.

The instructions herein are in accord with those given in *O'Connor v. North Truckee Ditch Co.*, 17 Nev. 245, 30 Pac. 882, involving a similar controversy.

Instruction No. 10 herein defined ordinary care, and *Berg v. Yakima Valley Canal Co.*, 83 Wash. 451, 145 Pac. 619, 622, L. R. A. 1915D, 292, supports the instructions complained of:

"The rule is that, where a corporation is organized for the purpose of supplying water to its stockholders, it is its duty to exercise reasonable care in maintaining the ditch in proper repair and to see that each stockholder receives his proportionate share of the water. Failing in this duty, the corporation is guilty of negligence, and may be compelled to respond in damages at the suit of a stockholder."

*Hyink v. Low Line Irr. Co.*, 62 Mont. 401, 205 Pac. 236, 238, lays down the same rule, thus:

"It was the defendant's duty to use reasonable care and diligence in maintaining its canal and keeping it supplied with water, and to regulate and divide the use thereof among the several stockholders, in accordance with their respective interest. . . . . "

Respondent says in his brief: "It is not our contention that the defendant is an insurer. It only promises to deliver the proportionate share of the available water." Respondent further states that the company is liable for a neglect to deliver or a failure to deliver. The last phrase, that is, mere "failure to deliver," is inconsistent with his pleadings and the evident theory thereof. *Rocky Ford Canal etc. Co. v. Simpson*, 5 Colo. App. 30, 36 Pac. 638, 639, cited by respondent, holds that "the duty assumed by the company was to use reasonable care and diligence in conveying the water. . . . . "

This action is to be distinguished from *Tapper v. Idaho Irr. Co.*, 36 Ida. 78, 210 Pac. 591, *Preis v. Idaho Irr. Co.*, 37 Ida. 109, 215 Pac. 466, *Edholm v. Idaho Irr. Co.*, 37 Ida. 116, 214 Pac. 1036, and *Meservy v. Idaho Irr. Co.*, 37 Ida. 227, 217 Pac. 595, on at least one ground. The defendants therein were Carey Act construction companies, while the defendant herein is an operating company; also it does not appear that the precise point herein considered was therein passed upon.

Under respondent's complaint, there being no error in the instructions given and that being the only ground assigned, the trial court should not have granted a new trial. (*Applebaum v. Stanton*, 47 Ida. 395, 276 Pac. 47.)

The order granting the new trial is reversed and the cause remanded, with instructions to reinstate the judgment.

Costs awarded to appellant.

Lee, C. J., Varian and McNaughton, JJ., and Koelsch, D. J., concur.