663 P.2d 1132

**In re Petition of COLLEGE PARK ASSOCIATES for Exclusion From Pioneer Irrigation District.**

**PIONEER IRRIGATION DISTRICT, Respondent To Petitioner-Appellant,**

v.

**COLLEGE PARK ASSOCIATES, Petitioner-Respondent.**

No. 13937.

Supreme Court of Idaho.

June 1, 1983.

Peter J. Boyd, of Elam, Burke, Evans, Boyd & Koontz, Boise, for respondent to petitioner-appellant.

Stanley W. Welsh, of Clemons, Cosho & Humphrey, Boise, for petitioner-respondent.

SHEPARD, Justice.

This is an appeal from a decision of the district court allowing the lands of the respondent College Park Associates to be excluded from the Pioneer Irrigation District pursuant to I.C. § 43–1101A(a)3. We affirm.

The property owned by College Park consists of an 18-unit low income apartment complex in Caldwell. The property lies within the city limits of Caldwell and within the boundaries of Pioneer Irrigation District. For some period of time College Park has been annually assessed $350 by Pioneer, and in 1979 College Park petitioned Pioneer to be excluded from Pioneer Irrigation District. Upon denial of that petition, the present action was brought in the district court.

Following trial, the district court held that under I.C. § 43–1101A(a)3 the College Park property should be excluded from the irrigation district. I.C. § 43–1101A(a)3 permits lands to be excluded from an irrigation district if

"[t]he lands are not agricultural or farming lands and, if such lands are served by a community ditch, or by a lateral ditch water users' association, or other like irrigation entity, other landowners served by such association or irrigation entity will not be injured by the exclusion of the lands described in the petition . . . ."

The court found that the College Park property is not used for agricultural or farming purposes, does not have access to irrigation water either on the property or immediately adjacent thereto, and is not served by a community ditch or by a lateral ditch water users' association, or other like irrigation entity.

On appeal here, Pioneer raises two issues: one, that the trial court erred in finding that the College Park property is not "served" by a community ditch or by a lateral ditch water users' association, or other like irrigation entity; and, two, that other landowners served by Pioneer would be injured by the exclusion of the College Park property. The evidence is essentially without conflict and indicates that 70 to 80 per cent of the property is occupied by structures or asphalt covered areas, with the remaining percentage landscaped with lawn and shrubs. The domestic water for the buildings is provided by the city water system and water for the landscaping is provided by a well located on the property and a sprinkler system. The record appears to indicate that the property in question has never used water from the Pioneer Irrigation District. The record is clear that when College Park acquired the property it was not served by Pioneer's water and the sprinkler system was already in place. It is also clear that at the present time Pioneer's water does not flow onto or by the property. The closest source of irrigation water is that of the Caldwell municipal irrigation system located approximately 250 feet from the property. Testimony indicates it would probably be physically possible to deliver irrigation water from that source to the property on a gravity flow basis and if a pumping system was constructed, it would be at the expense of College Park. The record further indicates it would be difficult, if not totally impractical, to flood irrigate the property since it slopes downward from the adjacent street to the buildings and irrigation water would flood the basements of the buildings. For all those reasons, College Park has never used nor does it plan to use nor could it use water from the Pioneer Irrigation District. The record is clear that the property in question is not "agricultural or farming lands."

■ We note initially that I.C. § 43–1101A(a)3 permits the exclusion of non-agricultural or non-farming lands on the condition *that if* they are "served" by a community ditch, a lateral ditch water users' association or other like entity, such exclusion will not injure the irrigation entity. Hence, we conclude that it must be shown that the property sought to be excluded is "served" by an irrigation entity before the question of injury to the irrigation entity becomes relevant. Since the district court found that the property in question here is not served by an irrigation entity, if that finding is sustained, we need not consider Pioneer's assertion that the district would be injured by the exclusion of the property.

■ We hold that the district court's finding that the property here is not "served," in the sense that irrigation water is not delivered to the property or its immediate boundaries, is sustained by the evidence. Nevertheless, Pioneer, relying chiefly on *Oregon Short Line Railroad Co. v. Pioneer Irrigation District,* 16 Idaho 578, 102 P. 904 (1909), asserts that the statutory term "served" must be equated with the term "benefited" as used in the *Oregon Short Line Railroad Company* decision. We disagree. The court concluded in *Oregon Short Line:*

> "[A]lthough water may not be applied to a beneficial use upon a particular tract of land in an irrigation district, yet if a system of irrigation is provided ... it necessarily benefits all lands of the district whether any particular tract may require or use thereon the water provided by such system." *Id.* at 591, 102 P. at 908.

We deem that language inapplicable to the circumstances presented in the case at bar. In *Oregon Short Line* the court had for decision the inclusion of lands within the irrigation district upon its original organization in 1901. It was there held that although perhaps railroad properties were not suitable for irrigation, they nevertheless could be included within the district upon proper notice, opportunity for hearing and protest, all of which was afforded the railroad, but which it failed to exercise. Here, the question was not the inclusion of the property of College Park within the irrigation district, but rather its exclusion from the district under statutes passed since the time of *Oregon Short Line Railroad Co. v. Pioneer Irrigation District, supra.* Since that time a method of exclusion of property from an irrigation district was provided in 1905 and amended in 1911, 1972, 1974 and 1978 (the present statute). The grounds under which exclusion is sought by College Park (aside from the non-agricultural and/or non-farming character of the property) are those set forth in the 1978 legislative amendment of the statute. Hence, we must decide the instant case in light of and under the interpretation of the language "if such lands are *served* by a community ditch, or by a lateral ditch water users' association, or other like irrigation entity, other landowners served by such association or irrigation entity will not be injured by the exclusion of the lands described in the petition." I.C. § 43–1101A(a)(3) (emphasis added).

■ There is no contention that the College Park property is "served" by a lateral ditch water users' association or "other like irrigation entity," but only that the property is "served" by the Caldwell municipal irrigation system. That assertion is based solely on testimony indicating that Pioneer delivers sufficient water to Caldwell municipal to satisfy any irrigation needs of the property and that some system could be constructed at the expense of College Park to deliver water to the College Park property from its present terminus some 250 yards away. That argument is made in the face of the uncontroverted evidence that if irrigation water were delivered to the property, it could not confer a benefit on the property, but rather would result in a flooding problem. We hold under the evidence that the trial court's finding that the property in question is not served is sustained by the evidence and thus affirmed.

Pioneer makes the further argument that College Park has failed to show that the irrigation district will not be injured by the exclusion of the College Park property from

the district. Pioneer Irrigation argues that such statutory language requires proof that the exclusion of lands will not injure the district or other property owners within the district to any financial degree. As indicated above, we determine that the resolution of that question is not necessary to the decision of this case. Whether the exclusion of lands from an irrigation district may be prevented upon a showing merely that the termination of the assessments theretofore paid upon the property will constitute a financial burden, or whether a balancing takes place with consideration of the resultant water available for distribution and sale to other lands is better left to a controversy in which that precise question is presented.

The decision of the district court is affirmed. Costs to respondents. No attorney fees on this appeal.

DONALDSON, C.J., and BAKES and HUNTLEY, JJ., concur.

BISTLINE, Justice, dissenting.

As pointed out in the Court's opinion, the first and underlying issue is whether the College Park property is or is not "served" within the contemplation of the statute. While I could, perhaps, join the opinion as written, it does not dispose of Pioneer's contention that we should be persuaded by language in *Preis v. Idaho Irrigation Co., Ltd.,* 37 Idaho 109, at 114, 215 P. 466, at 467 (1923):

> "Our attention has been called to no law of this state making the person, association, or corporation furnishing water responsible for its distribution among the users through a community ditch. When it has turned into such ditch the aggregate amount of water required by the users, its responsibility is ended." (Citing *Collins v. Twin Falls Water Company,* 28 Idaho 1, 152 P. 200.)

The argument as I understand it is that the testimony of Melvin Lewis, Caldwell City Engineer, establishes that Pioneer's function is to deliver the water to the contracted place where it is picked up by the Caldwell Municipal Irrigation System for further delivery.

Thus, it seems to me that there is merit in Pioneer's contention that the court below erred in denying its motion to amend Finding of Fact No. 3, from which it would follow that College Park was "served" within the contemplation of the statutory language. Although it does not appear in the Court's opinion, counsel for Pioneer in his closing argument made an excellent explanatory presentation of the system by which water is taken from the weir and distributed, the essence of which was extremely persuasive that College Park was indeed served.